Morehouse v. NHSP                    CV-01-93-B    03/25/02

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


**Patrick Morehouse**

    **v.**                                      Civil No. 01-93-B
                                          Opinion No. 2002 DNH 072
**Warden, NH State Prison**


### MEMORANDUM AND ORDER

On March 16, 2001, Patrick Morehouse filed a federal habeas corpus petition challenging his 1981 conviction for attempted first degree murder.  The Warden of the New Hampshire State prison has moved to dismiss the petition on the ground that it is barred by the one-year statute of limitation that governs habeas corpus claims.  See 28 U.S.C. § 2244(d)(1).


### BACKGROUND

Morehouse was found guilty of attempted first degree murder in the Hillsborough County Superior Court on May 14, 1981.[1]

---

[1]  Morehouse was first convicted in 1979.  The New Hampshire Supreme Court vacated the initial conviction, however, because it determined that the trial court gave the jury an erroneous reasonable doubt instruction.  See State v. Morehouse, 120 N.H. 738, 744-45 (1980).

Shortly thereafter, he was sentenced to a prison term of not more than 30 years, nor less than 10 years. The New Hampshire Supreme Court summarily affirmed his conviction and sentence on August 25, 1981.[2]

Morehouse first attempted to collaterally attack his 1981 conviction by filing a habeas corpus petition with this court on March 6, 1996. He claimed that his conviction should be vacated because: (1) his trial counsel was ineffective; (2) the prosecution presented insufficient evidence to support his conviction; (3) the trial court violated his right to due process of law by giving him an enhanced sentence based on the "cruelty and depravity" of his crime; (4) he was not notified prior to the trial that he could face an enhanced sentence; (5) the sentencing judge erred in failing to specify the facts on which he relied in

---

[2] Before acting on Morehouse's appeal, the supreme court directed his appellate counsel to "file a memorandum explaining why the issues in this case are different from those considered by the court in [Morehouse's appeal of his first conviction]." Counsel responded by informing the court that "the issues which would be briefed and argued in the [second] appeal would be identical to those argued and briefed in [the first appeal]." Because the court had previously rejected the issues Morehouse intended to raise in his second appeal, the court apparently determined that it could resolve the second appeal without further briefing.

issuing the enhanced sentence; and (6) his appellate counsel was ineffective.

On May 16, 1996, the Magistrate Judge directed Morehouse to file an amended petition demonstrating that he had exhausted state court remedies with respect to his six claims for relief. In response, Morehouse asked the court to dismiss his ineffective assistance claims without prejudice and determine that he had exhausted his remaining claims. The Magistrate Judge granted his request on August 27, 1996.

On December 10, 1996, Morehouse filed a motion asking the court to reinstate his dismissed ineffective assistance claims and allow him to add a new claim that the New Hampshire Supreme Court had violated his right to due process of law by summarily affirming his conviction. I denied the motion because I determined that I could not act on his petition if I allowed it to include the unexhausted claims.

Morehouse renewed his request to amend his petition to include the unexhausted claims at a hearing on July 30, 1997. Although I informed Morehouse that I would have to dismiss his entire petition if I granted his request, he nevertheless

insisted that I permit him to amend his petition to include the unexhausted claims so that he could immediately appeal my order dismissing his petition. Ultimately, I granted his motion to amend and dismissed his petition because it contained unexhausted claims. The First Circuit Court of Appeals rejected Morehouse's appeal on December 17, 1997.

Morehouse filed a certiorari petition with the New Hampshire Supreme Court on December 29, 1997, raising several claims he had included in his federal habeas corpus petition as well as several new claims. After the supreme court rejected his petition, Morehouse filed a second habeas corpus petition with this court on May 11, 1998. Judge McAuliffe ultimately dismissed this petition on April 9, 1999 because he determined that Morehouse's certiorari petition did not satisfy the exhaustion requirement. The First Circuit Court of Appeals affirmed Judge McAuliffe's ruling on September 17, 1999.

Morehouse filed a habeas corpus petition in the Merrimack County Superior Court on September 24, 1999. The Superior Court dismissed his petition and the New Hampshire Supreme Court declined to hear his appeal on August 21, 2000.

Morehouse filed his current habeas corpus petition with this court on March 16, 2001.

## ANALYSIS

Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA") in 1996. The Act, which went into effect on April 24, 1996, included a one-year statute of limitations for habeas corpus petitions. See 28 U.S.C. § 2244(d)(1). Because Morehouse's conviction became final before Congress enacted AEDPA, the one-year limitation period for his claims began to run when AEDPA went into effect. See Currie v. Matesanz, 2002 WL 226925 at *2 (1st Cir. 2002). Morehouse thus had until April 24, 1997 to file his habeas corpus petition.

AEDPA provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2)(emphasis added). While this statutory tolling provision covers periods in which a collateral challenge is pending in state court, it does not apply to

challenges initiated in federal court. Neverson v. Bissonnette, 261 F.3d 120, 125 (1st Cir. 2001). Morehouse accordingly cannot rely on AEDPA's statutory tolling provision because a federal habeas corpus petition is not covered under the provision and he did not attempt to challenge his conviction in state court until after the limitation period had expired. Thus, Morehouse's current petition will be time-barred unless he can demonstrate that the limitation period should be equitably tolled during the pendency of his first federal habeas corpus proceeding.

The First Circuit has not yet determined whether a habeas corpus petitioner can ever rely on equitable tolling to save a habeas corpus claim that is otherwise barred by AEDPA's statute of limitation. See Donovan v. State of Maine, 276 F.2d 87, 92 (1st Cir. 2002); Neverson, 261 F.3d at 127. The court has held, however, that "equitable tolling, if available at all, is the exception rather than the rule; resort to its prophylaxis is deemed justified only in extraordinary circumstances." Delaney v. Matesanz, 264 F.3d 7, 14 (1st Cir. 2001). The Ninth Circuit has further explained that the doctrine is available only if "'extraordinary circumstances beyond a prisoner's control make it

impossible to file a petition on time.'"  Malcom v. Payne, 2002 WL 253811 at *9 (9th Cir. 2002) (quoting Calderon v. United States District Ct. for the Cent. Dist. of Cal., 163 F.3d 530, 541 (9th Cir. 1997) (en banc)) (internal quotation marks omitted); see also Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (confusion concerning applicable statute of limitation not a basis for equitable tolling), cert. denied, 122 S. Ct. 145 (2001).

Morehouse has been unable to identify any extraordinary circumstances that would justify the use of equitable tolling to save his untimely claims.  He waited more than 15 years after his conviction became final before he attempted to seek collateral review of his conviction.  Moreover, after he filed his first federal habeas corpus petition, the court repeatedly advised him of his obligation to comply with the exhaustion requirement before proceeding with his unexhausted claims in federal court. Morehouse was informed that he could either take a dismissal of all of his claims without prejudice so that he could later raise them in a single federal petition after exhausting state remedies, or take a dismissal of only his unexhausted claims

-7-

without prejudice so that he could litigate his exhausted claims in federal court while pursuing his unexhausted claims in state court. Morehouse started down the second path when he initially asked the court to dismiss his unexhausted claims without prejudice, but he failed to take any action to preserve his unexhausted claims by promptly pursuing them in state court where they would have been protected by AEDPA's statutory tolling provision. See 28 U.S.C.§ 2244(d)(2). Instead, after the statute of limitation had run, he asked the court to reinstate his unexhausted claims even though he was informed that his request would result in the dismissal of his entire petition. Morehouse thus has no one but himself to blame for the situation in which he now finds himself.

If, on these facts, I were to allow Morehouse to invoke equitable tolling to save his claim, I would undermine AEDPA's exhaustion requirement and make equitable tolling the rule in cases where a petitioner files his claims in federal court without first complying with the requirement that he exhaust his state court remedies. A claimant is simply not entitled to invoke equitable tolling when he finds that his claims are time-

barred because of his own failure to take available steps to comply with the exhaustion requirement that would have preserved his claims for review.  See Delaney, 264 F.3d at 15 (rejecting equitable tolling claim based on pro se status of petitioner and ignorance of the applicable law).

## CONCLUSION

Respondent's motion to dismiss (document no. 10) is granted. SO ORDERED.

_____
Paul Barbadoro
Chief Judge

March 25, 2002

cc:  Patrick Morehouse, pro se
     Malinda Lawrence, Esq.