**Donald FRYE, Petitioner**

v.

**Kenneth NELSON, Respondent.**

**No. CIV.A.02–11359–EFH.**

United States District Court, D. Massachusetts.

Nov. 14, 2002.

Donald Frye, Bridgewater, MA, pro se.

Linda Wagner, Attorney General's Office, Boston, MA, for Kenneth Wilson.

### MEMORANDUM AND ORDER

HARRINGTON, Senior District Judge.

■ The Court grants Respondent's Motion to Dismiss the petition as time-barred under the Antiterrorism and Effective Death Penalty Act ("AEDPA") statute of limitations. 28 U.S.C. § 2244(d). Petitioner failed to file his petition within one year from the date on which his state court conviction became final. 28 U.S.C. § 2244(d)(1). Further, the limitations period was not tolled while the state courts considered petitioner's motion for a new trial because, by the time it was filed, the one-year period had already elapsed. *Delaney v. Matesanz*, 264 F.3d 7, 11 (1st Cir.2001).

■ The petitioner's invocation of "equitable tolling" to defeat this finding is unavailing.[1] Petitioner asserts that for the 17 months leading up to his guilty plea on December 2, 1997, he received 200 milligrams of the antipsychotic drug Mellaril (Thioridazine) daily. Petitioner contends the drug affected his volition and cognitive processes and dampened his ability and

---

1. Four Justices of the Supreme Court of the United States have indicated that nothing in AEDPA's text or legislative history "precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity." *See Duncan v. Walker*, 533 U.S. 167, 183, 192, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001) (Stevens, Souter, JJ., concurring; Breyer, Ginsburg, JJ., dissenting). Many lower courts have endorsed such equitable tolling when "a strict application of the statute would produce an unjust outcome." LIEBMAN, JAMES S. & HERTZ, RANDY, 1 FEDERAL HABEAS CORPUS PRACTICE AND PROCEDURE 239 § 5.2a (2001). Such courts typically have conditioned equitable tolling on a finding that "extraordinary circumstances" beyond the petitioner's control prevented a timely filing. *Id.* (citing *Sandvik v. United States*, 177 F.3d 1269, 1271–72 (11th Cir.1999); *Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir.1998); *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618–19 (3d Cir.1998); *Calderon v. United States Dist. Ct.*, 128 F.3d 1283, 1289 (9th Cir.1997), *cert. denied*, 522 U.S. 1099, 118 S.Ct. 899, 139 L.Ed.2d 884, (1998)). The mental competency of the petitioner is one ground on which courts have concluded AEDPA's statute of limitations may be equitably tolled. *Id.* (citing *Fisher v. Johnson*, 174 F.3d 710, 714–15 (5th Cir.1999)) (acknowledging possibility that mental competency may warrant tolling, but declining to toll limitations period where, after 17–day placement in psychiatric ward, petitioner still had more than six months to complete his petition); *Calderon v. United States Dist. Ct.*, 163 F.3d 530, 541 (9th Cir. 1998) (describing "mental incompetency" as "a condition that is, obviously, an extraordinary circumstance beyond the prisoner's control"). However, the United States Court of Appeals for the First Circuit has reserved judgment on the question of whether equitable tolling is available at all under AEDPA. *Nowaczyk v. Warden, New Hampshire State Prison*, 299 F.3d 69, 83 (1st Cir.2002); *Donovan v. Maine*, 276 F.3d 87, 92–93 (1st Cir. 2002); *Neverson v. Bissonnette*, 261 F.3d 120, 127 (1st Cir.2001); *Delaney*, 264 F.3d at 11. The Court assumes for the purposes of this Memorandum and Order that equitable tolling would be available to prevent an injustice under AEDPA under sufficiently compelling facts in view of the various circuit authority cited above.

desire to defend himself against the state's charge. This condition persisted until some time after the prison health staff took him off Mellaril upon his arrival at the state prison after his guilty plea and it prevented him from taking steps to challenge his conviction, according to the petitioner. The Court assumes for the purposes of this Memorandum and Order that the effects of Mellaril would justify an equitable tolling of the statute of limitations for some period. However, that incapacity evidently was removed by September 14, 1998. On that date, petitioner moved in state court for a transcript of his change of plea, demonstrating that his mental capacity was restored. With the incapacity removed, the statute of limitation's clock began running-and continued to do so until February 18, 2000, when petitioner filed his Motion for New Trial. This motion would have tolled the statute of limitation's clock again under 28 U.S.C. § 2244(d)(2), but for the fact that the statute had already run. More than one year had elapsed between September 14, 1998 and February 18, 2000, and thus, the petition is time-barred.[2]

SO ORDERED.

---

2. Petitioner's motion for the change of plea transcript initially was denied. It was granted upon reconsideration on December 11, 1998. Even if one takes this later date as the day on which petitioner's incapacity was lifted, more than one year still passed between the removal of the incapacity and the request for post-conviction relief.