**Joseph A. PHILLIPS, Petitioner,**

v.

**Luis SPENCER, Respondent.**

**Civil Action No. 06–10456–NMG.**

United States District Court,
D. Massachusetts.

Jan. 24, 2007.

---

Joseph A. Phillips, Norfolk, MA, pro se.

Randall E. Ravitz, Office of the Attorney General, Boston, MA, for Respondent.

## MEMORANDUM & ORDER

GORTON, District Judge.

Presently before the Court is a motion for an evidentiary hearing and a petition for a writ of habeas corpus, both filed, *pro se*, by Joseph A. Phillips ("Phillips"). On July 18, 2006, United States Magistrate Judge Marianne B. Bowler filed a Report and Recommendation that the petition should be denied. On August 3, 2006, Magistrate Judge Bowler supplemented her report by recommending that the motion for evidentiary hearing should likewise be denied. Phillips filed an objection to both recommendations, raising issues not addressed by the Magistrate Judge.

After reviewing those objections, this Court accepts and adopts the Magistrate Judge's recommendations, relying substantially on the reasoning articulated in her reports.

## I. *Background*

Phillips is currently incarcerated at the Massachusetts Correctional Institute in Norfolk on a sentence for a 1992 conviction for one count of assault with intent to rape a child under the age of 16, three counts of indecent assault and battery of a child under the age of 14 and one count of cocaine possession. Phillips was indicted in September, 1991 and at his arraignment, he pled not guilty to all counts. On August 24, 1992, Phillips changed his plea to guilty on all counts and was sentenced to 20 years on the assault with intent to rape count and nine to ten years on each of the other counts. At the time, the trial court suspended the shorter sentences and placed Phillips on probation to commence after the completion of the 20 year sentence. On the same date, Phillips filed a Rule 29 motion to revise and revoke the sentence.

In August, 1994, Phillips filed an appeal of his conviction in the Massachusetts Appeals Court, which affirmed the trial court in August, 1995 and issued a rescript opinion one month later. Phillips did not file an application for leave to obtain further appellate review ("ALOFAR") with the Supreme Judicial Court ("SJC").

In September, 1996, Phillips's suspended sentence with probation was revoked by the trial court and Phillips filed a notice of appeal of that revocation to the Appellate Division of the Superior Court ("ADSC") in October, 1996. The ADSC upheld the revocation and dismissed the appeal in August, 1998. A few weeks later, Phillips filed a motion to suspend the balance of the sentence but the trial court denied that motion.

Phillips filed a second Rule 29 motion in the trial court in October, 1996 and then a third such motion in August, 1999. That same month, the trial court denied the first Rule 29 motion and five years later denied the third Rule 29 motion.

In July, 2001, Phillips filed a Rule 30 motion for a new trial which was denied by the trial court later that year. Phillips filed a timely notice of appeal. In March, 2003, the Appeals Court affirmed the trial court's denial of the Rule 30 motion and Phillips filed a timely ALOFAR with the SJC which was promptly denied.

In April, 2004, Phillips filed another motion for a new trial seeking to withdraw his guilty plea. The trial court denied the motion in May, 2005 and Phillips filed a notice of appeal. In January, 2006, the Appeals Court affirmed the trial court's denial and Phillips filed a second ALOFAR with the SJC that month which the SJC again promptly denied. On March 13, 2006, Phillips filed the pending petition for writ of habeas corpus.

On July 18, 2006, Magistrate Judge Bowler found that Phillips's petition for writ of habeas corpus was untimely and thus recommended that the motion to dismiss be allowed. The following day, Phillips filed a motion for an evidentiary hearing which the Magistrate Judge recommended this court deny.

## II. *Petition for Writ of Habeas Corpus*

Magistrate Judge Bowler's Report and Recommendation to allow the respondent's motion to dismiss focuses solely on the procedural default issue. The report traces the history of Phillips's various filings and correctly concludes that the petition is procedurally defaulted for failure to file the writ within the AEDPA statute of limitations.

Phillips's objection to the report responds to the time bar issue and also raises several new grounds for granting the writ despite the procedural default. Specifically, Phillips seeks equitable tolling, raises a constitutional challenge to the AEDPA time period and asserts that he is actually innocent of the crime to which he pled guilty.

### A. *Procedural Default*

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which became effective on April 24, 1996, includes a one-year statute of limitations for petitions for writs of habeas corpus from state court judgments. 28 U.S.C. § 2244(d)(1). The statute provides that the limitation period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

Magistrate Judge Bowler recommended that Phillips's petition be found untimely on the basis of the date on which the judgment became final. In his objection to that recommendation, Phillips contends that there are other Section 2244(d)(1) grounds for tolling the statute of limitations in this case. None of those suggested grounds is, however, meritorious.

### 1. *Final Judgment* (28 U.S.C. § 2244(d)(1)(A))

■ A defendant with a final conviction prior to the effective date of AEDPA has one year from the latter date to file a petition for habeas corpus. *See Cordle v. Guarino,* 428 F.3d 46, 48 (1st Cir.2005) (citation omitted). Phillips's conviction became final upon expiration of the period for filing an ALOFAR with the SJC after the Massachusetts Appeals Court affirmed the trial court's judgment in August, 1995 and issued a rescript opinion on September 5, 1995. Pursuant to Mass.R.App.P. 27.1(a), Phillips had 20 days to file the ALOFAR. He failed to make such a filing and thus his state court conviction became final on September 25, 1995. The one-year statute of limitations for filing his habeas petition began to run on April 24, 1996 and expired on April 24, 1997.

Phillips filed a petition for writ of habeas corpus in this case on March, 13, 2006. The limitation period for filing habeas petitions is tolled during the pendency of state-court review for post-conviction or collateral relief. *See* 28 U.S.C. § 2244(d)(2). Thus, unless the statute of limitations was tolled from April 24, 1997 until the filing date in March, 2006, his petition is time-barred.

Before April 24, 1997, Phillips filed two Rule 29 motions (August 1992 and October 1996) and an appeal with the ADSC (October 1996). As explained below, none of those filings succeeds in tolling the applicable statute of limitations period.

### A. *Rule 29 Motions*

Phillips's first Rule 29 motion was filed in August, 1992 and denied in August, 1999. Even if consideration of that motion constituted collateral review necessary to toll the AEDPA statute, it would be insufficient to preserve his March, 2006 habeas petition. Phillips's second Rule 29 motion was, however, filed in October, 1996 and the trial court has not yet ruled on it.

■ Magistrate Judge Bowler correctly concluded that a Rule 29 motion does not qualify as the "post conviction or collateral review" necessary to toll the AEDPA one-year statute of limitations. District Judges Zobel and Young of this Court have both rendered decisions on the topic and their reasoning is persuasive.

A Rule 29 motion to review and revoke a criminal sentence, unlike other collateral review, does not connote a separate proceeding, nor does it raise a challenge to the legality of the earlier proceeding. A Rule 29 motion is "part and parcel of the original proceeding in which the defendant was sentenced" and simply "provides a mechanism whereby the trial judge may reconsider a concededly lawful sentence". *Ledoux v. Dennehy,* 327 F.Supp.2d 97, 99

(D.Mass.2004)(Young, J.)(citing *Bland v. Hall,* 2002 WL 989532 at *2 (D.Mass. May 14, 2002)(Zobel, J.) *aff'd on other grounds,* 62 Fed.Appx. 361 (1st Cir.2003) (unpublished decision)). Therefore, because Phillips's Rule 29 motion filed in October, 1996 does not amount to a "collateral attack", § 2244(d)(2) does not afford grounds for tolling AEDPA's one-year statute of limitations.

### B. *ADSC Appeal*

On October 4, 1996, Phillips filed a notice of appeal to the ADSC after the trial court suspended his probation. The magistrate judge again concluded that the filing did not toll AEDPA's one-year limitation period because "ADSC only has the authority to review sentences and not judgments of conviction." In support of her conclusion, the magistrate judge cites, *Bridges v. Johnson,* 284 F.3d 1201 (11th Cir.2002) and an opinion of the SJC, *Commonwealth v. Callahan,* 419 Mass. 306, 644 N.E.2d 629 (1995). A more recent decision of Judge Rya Zobel of this District Court has, however, held that an appeal to the ADSC does constitute a tolling event under § 2244(d)(2). *Foster v. Maloney,* 2003 WL 345351 (D.Mass. Feb.14, 2003).

The Court does not, however, need to determine whether notice of appeal to the ADSC tolls the AEDPA limitation period because even if it does, the one-year statute of limitations expired in late February, 1999. Phillips's habeas petition in March, 2006, is still untimely by a wide margin.

### C. *Post–April 24, 1997 Filings*

Phillips also filed Rule 29 motions in 1999, 2001 and 2005. All of those motions were, however, filed more than one year after April 24, 1997, and thus do not toll the limitations period. "Section 2244(d)(2) only stops, but does not reset, the [AED-

PA] clock from ticking and cannot revive a time period that has already expired." *Cordle,* 428 F.3d at 48, n. 4 (citation and internal quotation marks omitted).

## 2. *New Constitutional Right* (28 U.S.C. § 2244(d)(1)(C))

Section 2244(d)(1)(C) provides that the statute of limitations begins to run from the date on which a constitutional right was recognized by the Supreme Court, if the right is "newly recognized" and has been "made retroactively applicable to cases on collateral review". Phillips contends that a series of recent Supreme Court cases announced new constitutional rules that require the reversal of his conviction.

Specifically, he cites *Bradshaw v. Stumpf,* 545 U.S. 175, 125 S.Ct. 2398, 162 L.Ed.2d 143 (2005), *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), *Massaro v. United States,* 538 U.S. 500, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003) and *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). While those Supreme Court rulings may provide solace to Phillips, none has ever been held to apply retroactively. The rulings in both *Massaro* and *Booker* are applicable

> to all cases on direct review ... to all cases ... pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a clear break with the past.

*Booker,* 543 U.S. at 268, 125 S.Ct. 738. Likewise, Apprendi has never been held to apply retroactively. *See Cirilo–Munoz v. United States,* 404 F.3d 527, 533 (1st Cir.2005)(citing *Sepulveda v. United States,* 330 F.3d 55, 61–63 (1st Cir.2003)).

The decision in *Bradshaw* did not recognize a new constitutional right, but rather underscored the Supreme Court's earlier decision in *Henderson v. Morgan,* 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976), which required a guilty plea to provide a "trustworthy basis for believing that the defendant is in fact guilty." *Id.* at 652, 96 S.Ct. 2253. As such, the 2005 *Bradshaw* decision does not toll the statute of limitations period as a newly recognized constitutional right.

## 3. *New Factual Predicate* (28 U.S.C. § 2244(d)(1)(D))

Phillips also attempts to save his habeas petition by asserting that he did not discover his trial counsel's ineffective assistance until November, 2000, when he first learned from *Commonwealth v. Pinero,* 49 Mass.App.Ct. 397, 729 N.E.2d 679 (2000), that the crime of Assault with Intent to Rape required more than a showing of inappropriate touching. After allegedly acquiring that knowledge, Phillips began to exercise diligence in challenging his guilty plea, filing a Rule 30 motion in July, 2001 and appealing the trial court's subsequent denial.

The reference to "factual predicates" in § 2244(d)(1)(D) has been construed to mean evidentiary facts or events rather than court rulings or legal consequences of the facts. *Brackett v. United States,* 270 F.3d 60, 69 (1st Cir.2001)(citing *inter alia, Owens v. Boyd,* 235 F.3d 356, 359 (7th Cir.2000)). In *Owens,* the Seventh Circuit Court of Appeals held that § 2244(d)(1) follows an objective standard and "[t]ime begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." 235 F.3d at 359.

Thus, while Phillips contends that the factual predicate of his claim could not have been discovered until November, 2000, his lack of discovery is not the result of facts that were unavailable to him but

rather the result of his inability to recognize their import. That Phillips did not allegedly discover until November, 2000 that his trial counsel's advice was misleading and inaccurate is unfortunate but, nevertheless, unavailing under the language of § 2244(d)(1)(D).

Accordingly, Phillips's habeas petition is in procedural default and this Court is precluded from entertaining his claim unless one of the asserted exceptions to default applies.

### B. *Exceptions to Procedural Default*

#### 1. *Equitable Tolling*

Phillips contends that the due diligence exhibited in his efforts supports a granting of equitable tolling of the statute of limitations. In *Duncan v. Walker*, Justice Stevens, writing for himself and Justice Souter, supported the availability of equitable tolling to remedy the rigidity of § 2244(d)(1). 533 U.S. 167, 183, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001)("neither the Court's narrow holding [in *Duncan*], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity") (internal citation omitted).

■ Equitable tolling, however, is available only in "extraordinary circumstances". *Delaney v. Matesanz*, 264 F.3d 7, 14 (1st Cir.2001). Phillips bears the burden of establishing the basis for the tolling and must prove the extraordinary nature of his circumstances. *Id.* (citing *Carter v. W. Publ'g Co.*, 225 F.3d 1258, 1265 (11th Cir.2000)). The First Circuit Court of Appeals has defined such extraordinary circumstances to be those in which a petitioner "was actively misled or prevented 'in some extraordinary way from asserting his rights.'" *Delaney*, 264 F.3d

at 15 (quoting *United States v. Patterson*, 211 F.3d 927, 930–31 (5th Cir.2000)).

Phillips has presented no evidence of "extraordinary circumstances" that would warrant equitable tolling of the limitations period.

#### 2. *Suspension Clause*

Phillips also contends that dismissal of his petition violates the Suspension Clause which states that

> [t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it.

U.S. Const. art. 1 § 9, cl. 2. Phillips avers that the AEDPA statute of limitations is unconstitutional because it conflicts with and precludes the availability of habeas relief.

■ In *Delaney*, the First Circuit joined other circuits in holding that "AEDPA's one-year limitations period does not, as a general matter, offend the Suspension Clause." 264 F.3d at 12 (collecting cases). The one-year limitation

> does not suspend the writ because ... these provisions [in section 2244(d)] neither gut the writ of habeas corpus nor render it impuissant to test the legality of a prisoner's detention.

*Id.* at 13. (citation omitted).

#### 3. *Actual Innocence*

Finally, Phillips contends that he is actually innocent of the charge of assault with intent to rape on the basis of the facts charged by the Assistant District Attorney in the plea colloquy. During the colloquy, the Assistant District Attorney stated that she expected to present the following evidence:

> Amy would testify that during the time she was between the ages of eleven and twelve and was living with her family,

including the defendant, that the defendant touched her in several different rooms in the house during that period of time, touched her vagina, under her clothes, touched her chest and buttocks area with his hand. And I would expect Amy to testify that those touchings occurred on a number of different occasions during that period of time but there was no penetration.

After the recitation of those facts, Phillips admitted to their factual accuracy. The transcript indicates that Phillips was actively involved during the entire colloquy, at times asking to consult with counsel and expressing his disagreement with the drug charge.

Phillips contends that his plea is unconstitutional because he was not informed of the elements of the "assault with intent to rape" charge. Specifically, he claims that he assumed touching to be the sole element of the crime and that he was unaware that there was an additional element, an intent to rape, that must be proved. The Massachusetts Appeals Court rejected his motion, concluding that Phillips "amply understood the charges to which he pled." *Commonwealth v. Phillips*, 2003 WL 1564386 at *1 (Mass.App.Ct. Mar.26, 2003).

█ A time-barred habeas petition challenging a guilty plea can be reviewed in a collateral proceeding only if the petitioner can establish that there is a constitutional error in his plea colloquy and it "has probably resulted in the conviction of one who is actually innocent." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)(quoting *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2678, 91 L.Ed.2d 397 (1986)). In order to demonstrate actual innocence, Phillips must show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bous-*

*ley*, 523 U.S. at 623, 118 S.Ct. 1604 (internal quotation marks omitted).

Of importance to this case, the Supreme Court has held that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623–24, 118 S.Ct. 1604 (citing *Sawyer v. Whitley*, 505 U.S. 333, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992)). Thus, on remand, the government would be able to present "any admissible evidence of petitioner's guilt even if that evidence was not presented during petitioner's plea colloquy". *Bousley*, 523 U.S. at 624, 118 S.Ct. 1604.

█ In this case, Phillips was adequately informed of the charge ("intent to rape" was repeated at least four times) and was actively involved in the colloquy. Moreover, it cannot be said that no reasonable juror would have convicted him of the offense. Accordingly, Petitioner's claim of innocence fails to resurrect his time-barred habeas petition.

### III. *Evidentiary Hearing*

On July 18, 2006, Phillips filed a motion for an evidentiary hearing which Magistrate Judge Bowler recommends denying.

Section 2254(e)(2) of AEDPA permits a court to hold an evidentiary hearing on a claim in only a few situations, i.e. specifically where:

(A) the claim relies on

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for consti-

tutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2); *see also Neverson v. Bissonnette,* 242 F.Supp.2d 78, 88 (D.Mass.2003), *aff'd on other grounds,* 366 F.3d 32 (1st Cir.2004).

Phillips fails to demonstrate that either situation is present here. As discussed above regarding the habeas petition, Phillips's claims rely on neither a new, retroactive rule nor a previously undiscoverable factual predicate. Moreover, Phillips fails to identify how the facts in his case establish that no reasonable jury would find him guilty of the underlying offense.

### ORDER

After consideration of Phillips's objections to the Magistrate Judge's reports and recommendations, the Court accepts and adopts those recommendations. Therefore, Phillips's motion for an evidentiary hearing (Docket No. 14) is DENIED. Respondent's Motion to Dismiss Phillips's Petition for Writ of Habeas Corpus (Docket No. 5) is ALLOWED, and Phillips's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Docket No. 1) is DISMISSED.

So ordered.