14-1672-cv
Hand v. New York City Housing Preservation and Development Division of Code Enforcement

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of May, two thousand fifteen.

PRESENT: RALPH K. WINTER,
RAYMOND J. LOHIER, JR.,
SUSAN L. CARNEY,
  *Circuit Judges*.

------------------------------------------------------------------

DEBORAH HAND,

  *Plaintiff-Appellant*,

  v.                                          No. 14-1672-cv

NEW YORK CITY HOUSING
PRESERVATION AND DEVELOPMENT
DIVISION OF CODE ENFORCEMENT,

  *Defendant-Appellee*.

------------------------------------------------------------------

FOR APPELLANT:          Deborah Hand, *pro se*, Brooklyn, NY.

FOR APPELLEE: Pamela Seider Dolgow, Ingrid R. Gustafson, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Roslynn R. Mauskopf, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED IN PART, VACATED IN PART, and REMANDED.

Deborah Hand, pro se, appeals the District Court's grant of summary judgment dismissing her employment discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act (ADA) and denying her request for relief from pre-termination administrative decisions pursuant to Federal Rules of Civil Procedure 59 and 60. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm in part, vacate in part, and remand.

Hand filed an initial complaint with the New York State Division of Human Rights (NYSDHR) on December 9, 2009, and she presented no evidence that she filed a relevant complaint with the Equal Employment Opportunity Commission prior to that date. The District Court did not err in dismissing as time-barred her Title VII claims insofar as they rested on allegations of discriminatory conduct that occurred more than 300 days before December 9, 2009. See Harris v. City of New York, 186 F.3d 243, 247 & n.2 (2d Cir. 1999); see also 42 U.S.C. § 2000e-5(e)(1).

Except for her hostile work environment claim, the District Court also properly dismissed all of Hand's Title VII race and sex discrimination and

retaliation claims. First, the determination by the administrative law judge (ALJ) that Hand was guilty of misconduct and incompetence provided a legitimate, nondiscriminatory reason for Hand's dismissal, and Hand provided no evidence that this reason was pretextual. Second, we agree that Hand's retaliation claims fail because there is no record of a causal connection between her complaints and the alleged adverse employment actions taken against her. See Zann Kwan v. Andalex Grp. LLC, 737 F.3d 834, 845 (2d Cir. 2013).

The District Court erred in granting summary judgment on Hand's Title VII hostile work environment claim. Based on record evidence that Hand's supervisor felt her breast and repeatedly invaded her personal space, a reasonable factfinder could find that these incidents were "sufficiently severe . . . to alter the conditions" of Hand's employment and "create an abusive working environment."[1] Raspardo v. Carlone, 770 F.3d 97, 114 (2d Cir. 2014) (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)); see Redd v. N.Y. Div. of Parole, 678 F.3d 166, 178-82 (2d Cir. 2012) (holding that plaintiff's sworn statements that her supervisor engaged in intentionally intrusive conduct and thrice touched her breasts precluded summary judgment).

The District Court correctly dismissed Hand's ADA claim as unexhausted, because she did not claim discrimination on the basis of her disability in either her initial or amended NYSDHR complaint, and because Hand's claim was not reasonably related to her claims of race and sex discrimination. See Shah v. N.Y. State Dep't of Civil Serv., 168 F.3d 610, 613-14 (2d Cir. 1999).

---

[1] Although the ALJ found Hand's allegations to be spurious based on the evidence presented at the pre-termination hearing, these findings are not given preclusive effect. See Kosakow v. New Rochelle Radiology Assocs., P.C., 274 F.3d 706, 728 (2d Cir. 2001).

3

Finally, the District Court properly denied Hand's motion for relief from the pre-termination administrative decisions. The Federal Rules of Civil Procedure apply only to civil proceedings in federal district court and in certain other circumstances not present here. See Fed. R. Civ. P. 1, 81(a). To the extent that Hand seeks to challenge the pre-termination administrative decisions on procedural due process grounds, her challenge fails because she was provided notice of the charges against her and given an opportunity to be heard at the pre-termination hearing, and New York provides an adequate post-deprivation remedy in the form of an Article 78 proceeding. See Locurto v. Safir, 264 F.3d 154, 171, 175 (2d Cir. 2001).

We have considered Hand's remaining arguments and conclude that they are without merit. For the foregoing reasons, we VACATE and REMAND with respect to Hand's Title VII hostile work environment claim, and otherwise AFFIRM the judgment of the District Court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

4