**Robert WOJCIK, Petitioner,**

v.

**Luis SPENCER, Respondent.**

**No. CIV.A. 01–11416–PBS.**

United States District Court,
D. Massachusetts.

March 27, 2002.

Thomas Dee, Assistant Attorney General, Criminal Bureau, Boston, MA, for Respondent.

## MEMORANDUM AND ORDER

SARIS, District Judge.

The sole question before the Court is whether the doctrine of equitable tolling revives this time-barred *pro se* habeas petition. The Magistrate Judge concluded that the petition is time barred pursuant to the one-year limitation period enacted as part of the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. No. 104–132, 110 Stat. 1214 (1996), 28 U.S.C. § 2244(d). He also determined that even if equitable tolling were a legally viable escape hatch, petitioner had not demonstrated that such tolling was warranted here. *See Report and Recommendation on Petition for Writ of Habeas Corpus,* dated February 1, 2002 (Docket No. 24). I do not agree.

The doctrine of equitable tolling in the context of the statutory one-year bar in Section 2244(d) is nascent. In *Duncan v. Walker,* 533 U.S. 167, 181, 121 S.Ct. 2120, 2129, 150 L.Ed.2d 251 (2001), the Supreme Court held that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)." In a concurring opinion, Justice Stevens, writing for himself and Justice Souter, took the position that "neither the Court's narrow holding [in *Duncan*], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity." *Duncan,* 533 U.S. at 183, 121 S.Ct. at 2130.[1] Pointing out that district courts on average take 268 days to dismiss petitions on procedural grounds (the statis-

---

1. The majority agreed that Justice Stevens' approach did not contradict their holding by declaring that the availability of equitable toll-ing was not before the court. *Duncan,* 533 U.S. at 181, 121 S.Ct. at 2129.

tic relied on by Justices Breyer and Ginsburg in dissent), the concurring justices stated:

> Similarly, federal courts may well conclude that Congress simply overlooked the class of petitioners whose timely filed habeas petitions remain pending in district court past the limitations period, only to be dismissed after the court belatedly realized that one or more claims have not been exhausted. As a result, equitable considerations may make it appropriate for federal courts to fill in a perceived omission on the part of Congress by tolling AEDPA's statute of limitations for unexhausted federal habeas petitions.

*Duncan,* 533 U.S. at 183, 121 S.Ct. at 2130 (citations omitted).

Since *Duncan,* several courts of appeals have squarely held that equitable tolling is available to habeas petitioners with respect to Section 2244(d)(1)'s one-year limitation period. *See, e.g., Zarvela v. Artuz,* 254 F.3d 374, 379 (2d Cir.2001); *Woodward v. Williams,* 263 F.3d 1135, 1142 (10th Cir. 2001); *Tinker v. Moore,* 255 F.3d 1331, 1333 (11th Cir.2001); *Corjasso v. Ayers,* 278 F.3d 874, 877 (9th Cir.2002); *Tillema v. Long,* 253 F.3d 494, 503 (9th Cir.2001); *see also Palmer v. Carlton,* 276 F.3d 777, 780–81 (6th Cir.2002) (affirming vitality of equitable tolling after *Duncan* but opting to follow *Zarvela's* stay alternative).

The First Circuit has thrice recognized the possible viability of the equitable tolling doctrine as a judicially-crafted exception to the one-year statute of limitations. *See Brackett v. United States,* 270 F.3d 60, 67 (1st Cir.2001) (holding that "the jurisprudence under § 2254, through § 2244, suggests a strong concern for finality, possibly leavened in instances of clear injustice by narrow safety values of either equitable tolling or a stay of a premature federal petition"); *Delaney v. Matesanz,* 264 F.3d 7, 14–15 (1st Cir.2001)(affirming dismissal of habeas petition based on trial court's conclusion that equitable tolling was not available as a factual matter); *Neverson v. Bissonnette,* 261 F.3d 120, 127 (1st Cir.2001) (remanding for consideration by the trial court of the applicability of equitable tolling). While giving the flickering green light to the trial court to consider equitable tolling, the First Circuit cautioned:

> Even where available, equitable tolling is normally appropriate only when circumstances beyond a litigant's control have prevented him from filing on time. In the usual case, a court may deny a request for equitable tolling unless the proponent shows that he was actively misled or prevented "in some extraordinary way from asserting his rights." In short, equitable tolling is strong medicine, not profligately to be dispensed.

*Delaney,* 264 F.3d at 15 (citations omitted).

In the circumstances of this case, I conclude that equitable tolling is appropriate as a matter of fact and law. At the time the first petition was dismissed for failure to exhaust two state claims under the mixed petition rule of *Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982), the federal petition had already been pending for over a year. The Commonwealth had filed its motion to dismiss on October 14, 1998, which petitioner opposed on October 26, 1998. The Court entered an order of dismissal on July 30, 1999, 276 days later. Plaintiff's request for counsel had been denied. Because under *Duncan* the pendency of a federal petition does not toll the statute of limitations, the unexhausted claims in the habeas petition were time barred as soon as it was dismissed. Petitioner waited 146 days after the accrual date to file the first petition—midway through the statute of limitations period—and moved relatively

expeditiously to exhaust his state claims (albeit some new ones). After the district court denied petitioner's motion for reconsideration on August 23, 1999, petitioner filed his motion for new trial in state court two months later on October 25, 1999. The motion was denied, and petitioner appealed. After the Supreme Judicial Court denied his application for further appellate review on July 30, 2001, he filed his second habeas corpus petition two months later on October 13, 2001. These two-month gaps are hardly excessive in light of the fact petitioner is *pro se* and incarcerated.

To be sure, some of the factors militating in favor of a grant of equitable relief are absent. Most notably, no one actively misled the petitioner or lulled him into missing a deadline. It is quite clear, however, that petitioner did not understand that his unexhausted claims would be time barred after exhaustion. In addition, this circuit does not require a district court judge proactively to advise a defendant that dismissal of a mixed petition for failure to exhaust state claims will effectively bar his unexhausted claims. *See Tillema v. Long*, 253 F.3d 494, 502 (9th Cir.2001) (en banc) (holding that "the district court committed prejudicial legal error when it dismissed [petitioner's] first federal habeas petition without affording him the opportunity to abandon his sole unexhausted claim as an alternative to suffering dismissal").

Nonetheless, the landscape of the *Rose* garden has changed since AEDPA and *Duncan*. As the Magistrate Judge pointed out, many judges simply dismissed mixed petitions without prejudice. *See Rose*, 455 U.S. at 510, 102 S.Ct. at 1199 (holding that a court "must dismiss" such petitions, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court").

After *Duncan*, the First Circuit recently advised courts to stay the cases pending exhaustion to avoid problems such as the instant one; otherwise, a habeas petitioner might be unfairly penalized for predictable judicial delays in ruling on a motion to dismiss which are beyond the petitioner's control. *See Delaney*, 264 F.3d at 14 n. 5 ("We especially commend [a stay] to the district courts in instances in which the original habeas petition, though unexhausted, is timely filed, but there is a realistic danger that a second petition, filed after exhaustion has occurred, will be untimely.").

Accordingly, because petitioner's conduct was timely, the delays involving the first petition were not his fault, the caselaw was in flux, and petitioner was not advised of the potential time bar for the exhausted claims, I find that petitioner has demonstrated that equitable tolling is appropriate.

### *ORDER*

The Motion to Dismiss is ***DENIED***. The government is instructed to file a motion for summary judgment on the merits of the motion for summary judgment within sixty days. Petitioner's reply must be filed within thirty days.