**Paul L. DEMARIA,**

v.

**Paul M. VERDINI.**

Nos. Civ.A. 00–10336–RGS, 02–1121.

United States District Court,
D. Massachusetts.

July 17, 2002.

Paul L. DeMaria, Shirley, MA, pro se.

Linda A. Wagner, Attorney General Office, Criminal Division, Boston, MA, for Paul M. Verdini.

*MEMORANDUM AND ORDER ON PETITIONER'S MOTION FOR ISSUANCE OF A CERTIFICATE OF APPEALABILITY*

STEARNS, District Judge.

By its Order of June 14, 2002, the Court of Appeals transmitted petitioner Paul M. DeMaria's request for a certificate of appealability to this court for a ruling. Petitioner was convicted in state court on August 28, 1995, prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Upon AEDPA's passage, petitioner had one year, that is until April 24, 1997, to file a federal habeas petition. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period is, however, tolled for any period of time in which an application for state collateral review of a conviction is pending. 28 U.S.C. § 2244(d)(2). Petitioner's appeal of his state convictions was rejected by the Massachusetts Appeals Court on January 8, 1999. On February 22, 1999, the Supreme Judicial Court denied petitioner's application for further appellate review. Petitioner thereafter had until May 24, 2000,[1] to file a habeas petition in the federal court.[2] He did so on February 22, 2000, well within the one year allotted by the AEDPA. On May 25, 2000 (perhaps coincidentally

---

1. Actually May 23, 2000, but May 23 fell on a Sunday.

2. The running of the one-year limitations period is tolled during the 90 day period in which a writ of certiorari may be sought from the Supreme Court. *Cf. Currie v. Matesanz,* 281 F.3d 261, 267 n. 8 (1st Cir.2002) (noting that most courts hold that an application for state post-conviction relief remains pending until the end of the allotted time to seek further review even if the petitioner does not avail himself of the opportunity).

one day after the limitations period ran), the respondent moved to dismiss the petition for reasons of non-exhaustion.

On August 2, 2000, Magistrate Judge Bowler recommended that the habeas petition be dismissed without prejudice, as two of petitioner's three federal claims had not been presented to the Supreme Judicial Court for review. It is well-settled that a federal court will not (with rare exception) consider a habeas petition filed by a state prisoner until the highest court of the concerned state has been given the opportunity to review all of the claims advanced. *Mele v. Fitchburg Dist. Court,* 850 F.2d 817, 819 (1st Cir.1988); *cf. Allen v. Attorney General of Maine,* 80 F.3d 569, 573 (1st Cir.1996) ("[E]xhaustion of remedies is not a jurisdictional prerequisite to a habeas petition, but, rather, a gatekeeping provision rooted in concepts of federalism and comity."). Moreover, under pre-AEDPA, but still valid law, a so-called "mixed petition" is ordinarily to be dismissed by a federal court until all claims are exhausted. *Rose v. Lundy,* 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Consistent with *Rose, see Wojcik v. Spencer,* 198 F.Supp.2d 1, 3 (D.Mass.2002), and the prevailing understanding of the meaning of the phrase "or other collateral review" in § 2244(d)(2), *see Walker v. Artuz,* 208 F.3d 357 (2d Cir.2000), the Magistrate Judge explained to petitioner that he had two alternatives: (1) to amend his petition to delete the unexhausted claims; or (2) to return to the state court to present the unexhausted claims by way of a state Rule 30 motion. The Magistrate Judge warned petitioner of the risks associated with both alternatives, including the risk that a renewed petition might be barred as untimely if, after exhausting his state claims, petitioner failed to file a second petition with this court "in a timely manner."

Petitioner thereafter sought to amend his petition, not by eliminating the unexhausted claims, but by inserting new factual allegations in their substance. As the Magistrate Judge pointed out, the amendments were futile, as they did nothing to cure the failure to exhaust state remedies, and were therefore as vulnerable to dismissal as were the original claims. Consequently, the motion for leave to amend was denied by the Magistrate Judge. The denial of the motion to amend was affirmed by the district court on October 13, 2000. Thereafter, petitioner elected to return to state court with his unexhausted claims, and the federal petition was dismissed without prejudice.

Over a year later, on December 4, 2001, petitioner moved to vacate the dismissal and restore the petition to the docket. The motion was denied on December 17, 2001. In his Notice of Appeal, petitioner states that since the dismissal of his federal petition he has been "prosecuting state collateral procedures in an effort to honestly exhaust issues that might have been unexhausted." He further asserts that by agreeing to the dismissal, he was unwittingly "tricked" into forfeiting his right to have his petition heard by a federal court, because unbeknownst to him the AEDPA limitations period had already run.

This was true, but no one could have known it at the time. On June 18, 2001, the Supreme Court held in *Duncan v. Walker,* 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001), that a federal habeas petition is not an application for "other collateral review" within the meaning of § 2244(d)(2). As a result, the pendency of such a petition does not toll the running of the AEDPA's limitation period. It is clear that when petitioner was invited by the district court to voluntarily dismiss his petition and return to state court, it was reasonably assumed that petitioner still

had some three months remaining on the AEDPA limitations period, and that any further running of the period would be tolled by the filing of a Rule 30 motion. It is also clear that this assumption was communicated to petitioner by the Magistrate Judge's assurance that his renewed petition would not be treated as a "second or successive" petition if, after exhaustion, it was re-filed in federal court "in a timely manner."

In *Duncan*, the petitioner had nine months remaining on the AEDPA limitations period when his case was dismissed by the district court. He nonetheless failed to return to state court or to otherwise perfect his federal petition. Consequently, the majority refused to consider the equitable tolling argument offered by Justice Stevens in a concurring opinion. The argument was based on the fact that district courts on average (unlike the alacritous court in *Duncan*) typically take 268 days to dismiss habeas petitions on procedural grounds (a statistic unearthed by Justice Breyer). As a result, in the majority of cases, petitioners with mixed petitions are left stranded outside the one-year AEDPA limitations period when their cases are dismissed. In recognition of this fact, a number of Courts of Appeals, including the First Circuit, have signaled receptivity to Justice Stevens' suggestion that a district court retain jurisdiction of a meritorious exhausted claim and stay proceedings while a state prisoner seeks to exhaust his unexhausted claims in state court "when the failure to retain jurisdiction would foreclose federal review of a meritorious claim because of the lapse of AEDPA's 1–year limitations period." *Id.* at 183, 121 S.Ct. 2120. *See Delaney v. Matesanz*, 264 F.3d 7, 14 n. 5 (1st Cir. 2001) (commending such an approach when there is a realistic danger that a second petition will be untimely).

There is, of course, a danger should equitable tolling become the default position whenever a mixed petition is filed. As Justice O'Connor pointed out in *Duncan*, a lax interpretation of § 2244(d)(2) would undermine AEDPA's policy of promoting respect for the finality of state court judgments.

By tolling the limitation period for the pursuit of state remedies and not during the pendency of applications for federal review, § 2244(d)(2) provides a powerful incentive for litigants to exhaust all available state remedies before proceeding in the lower federal courts. But if the statute were construed so as to give applications for federal review the same tolling effect as applications for state collateral review, then § 2244(d)(2) would furnish little incentive for individuals to seek relief from the state courts before filing federal habeas petitions. The tolling provision instead would be indifferent between state and federal filings. While other statutory provisions, such as § 2254(b) itself, of course, would still provide individuals with good reason to exhaust, § 2244(d)(2) would be out of step with this design. At the same time, respondent's interpretation would further undermine the interest in finality by creating more potential for delay in the adjudication of federal-law claims. A diminution of statutory incentives to proceed first in state court would also increase the risk of the very piecemeal litigation that the exhaustion requirement is designed to reduce. *Cf. Rose*, 455 U.S., at 520, 102 S.Ct. 1198. We have observed that "strict enforcement of the exhaustion requirement will encourage habeas petitioners to exhaust all of their claims in state court and to present the federal court with a single habeas petition." *Ibid.* But were we to adopt respondent's construction of § 2244(d)(2), we would dilute the effica-

cy of the exhaustion requirement in achieving this objective. Tolling the limitation period for a federal habeas petition that is dismissed without prejudice would thus create more opportunities for delay and piecemeal litigation without advancing the goals of comity and federalism that the exhaustion requirement serves. We do not believe that Congress designed the statute in this manner.

*Duncan,* 533 U.S. at 180, 121 S.Ct. 2120; *see also Carey v. Saffold,* —— U.S. ——, 122 S.Ct. 2134, 2138, 153 L.Ed.2d 260 (2002).

In recognition of the concerns expressed in *Duncan,* courts that have spoken sympathetically of equitable tolling, have also cautioned that is to be applied, if at all, with great circumspection. *See Donovan v. Maine,* 276 F.3d 87, 93 (1st Cir.2002) ("We have made it pellucid, 'that equitable tolling, if available at all, is the exception rather than the rule; [and that] resort to its prophylaxis is deemed justified only in extraordinary circumstances.' "; quoting *Delaney v. Matesanz,* 264 F.3d at 14). The First Circuit has identified five factors that are to be considered in applying the doctrine in individual cases: "(1) a lack of actual notice [to petitioner] of a time limit; (2) a lack of constructive notice of a time limit; (3) diligence in the pursuit of one's rights; (4) an absence of prejudice to a party opponent; and (5) the claimant's rea-

sonableness in remaining ignorant of the time limit." *Jobe v. Immigration and Naturalization Service,* 238 F.3d 96, 100 (1st Cir.2001). Of these factors, all but the third weigh in petitioner's favor. (Petitioner failed to present two claims then known to him to the Massachusetts courts and then waited some nine months after the Supreme Judicial Court denied his application for further review before filing his habeas petition).[3] On balance, however, because petitioner was misled, albeit unintentionally by the court, into believing that he would not be prejudiced by agreeing to the dismissal of his petition, I conclude that the period during which his federal petition was pending, that is, from February 22, 2000, to October 13, 2000, should be equitably tolled, and will grant a certificate of appealability as to this issue.[4]

### ORDER

For the foregoing reasons, the motion for a certificate of appealability is *ALLOWED* as to the issue of whether the period of time during which the petition for federal habeas review should be equitably tolled.[5]

SO ORDERED.

3. One might add a sixth factor in light of *Duncan,* that is, whether a petitioner in fact requests a stay of consideration of his perfected claims before returning to state court to pursue exhaustion. Although a pro se petitioner is held to the same standards as one represented by counsel, one can hardly fault petitioner in this case for lacking the clairvoyance to anticipate Justice Stevens' suggestion.

4. Whether the petition, even with equitable tolling, is timely will depend on the diligence with which petitioner proceeded with his unexhausted state claims. Petitioner states in

his Notice of Appeal that he did file a Rule 30 motion on or about October 13, 2000. No indication is given as to when the motion was decided (if at all), and if it was, whether his motion to reinstate his petition was filed within the time that would otherwise be remaining on the one-year AEDPA limitations period.

5. In the alternative, it would be open to the Court of Appeals to reinstate the one federal claim which the Magistrate Judge found had been exhausted before the petition was dismissed.