# United States Court of Appeals

## For the First Circuit

No. 05-1094

MELISSA JO CORDLE,

Petitioner, Appellant,

v.

BARBARA GUARINO,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Mark L. Wolf, U.S. District Judge]

Before

Torruella, Circuit Judge,
Siler,<sup>*</sup> Senior Circuit Judge,
and Howard, Circuit Judge.

Kevin J. Reddington, for petitioner-appellant.
Maura D. McLaughlin, Assistant Attorney General, Criminal
Bureau, with whom Thomas F. Reilly, Attorney General, were on
brief, for respondent-appellee.

November 2, 2005

---

<sup>*</sup> Of the Sixth Circuit, sitting by designation.

**TORRUELLA**, **Circuit Judge**.  On March 23, 2004, the district court issued an order dismissing defendant-appellant Melissa Jo Cordle's habeas corpus petition for being time-barred under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244.  On September 1, 2004, the district court granted a certificate of appealability on the issue of "whether, in the circumstances of [Cordle's] case, the time limitations of the AEDPA should be equitably tolled."  Answering that question in the negative, we affirm.

## I.

On April 24, 1986, a Barnstable County Superior Court jury convicted Cordle of two counts of first-degree murder and one count of burglary.  Cordle appealed directly to the Massachusetts Supreme Judicial Court ("SJC") pursuant to Mass. Gen. Laws ch. 278, § 33E, arguing that the evidence was insufficient to support the verdict and that the trial judge gave erroneous jury instructions.  On April 26, 1989, the SJC found that the evidence was sufficient to support the jury's verdict but reversed Cordle's conviction due to an error in the trial judge's jury instructions.[1]  See Commonwealth v. Cordle, 537 N.E.2d 130 (Mass. 1989)("Cordle I").  Cordle was re-tried, and on August 19, 1989, she was again convicted of two counts of first-degree murder and one count of

---

[1]  One of the justices dissented, arguing that the evidence was insufficient to support the verdict.

burglary.[2]  Cordle appealed her conviction directly to the SJC and again argued that the evidence was insufficient to support her conviction and that the trial judge's jury instructions allowed her to be convicted without proof beyond a reasonable doubt as to each and every element of the offenses of which she was charged.  The SJC affirmed on March 11, 1992.  See Commonwealth v. Cordle, 587 N.E.2d 1372 (Mass. 1992)("Cordle II").[3]

On November 11, 2000, Cordle, who was represented by new counsel, filed a motion for a new trial.  This motion was denied on December 18, 2000.  Cordle appealed to a Single Justice Session of the SJC, and on December 4, 2001, a single justice denied Cordle's petition.  On December 3, 2002, Cordle filed a habeas corpus petition in the United States District Court for the District of Massachusetts.  On September 25, 2003, a United States Magistrate Judge recommended that Cordle's petition be dismissed because it was time-barred.  On March 23, 2004, the district court followed this recommendation and issued an order dismissing the petition as time-barred.

---

[2]  At the second trial the prosecution presented additional evidence of a threat that Cordle had made regarding one of the two victims.

[3]  In Cordle II, the justice who had dissented in Cordle I authored the opinion affirming Cordle's convictions.  In the opinion, the justice stated that he "acced[ed] to the precedent established in Cordle I regarding the sufficiency of the evidence; additionally, . . . the additional evidence of a specific threat to kill the victims is more significant than the threats relied on by the court in Cordle I."  Cordle II, 587 N.E.2d at 1374 n.2.

We review the district court's decision regarding equitable tolling in this habeas case for abuse of discretion. Neverson v. Farquharson, 366 F.3d 32, 42 (1st Cir. 2004).

AEDPA, which was enacted on April 24, 1996, provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). While "AEDPA's one-year limit runs from the time that the state court judgment of conviction became final[,] . . . defendants . . . convicted prior to AEDPA[] can file their petitions within one year of AEDPA's effective date." David v. Hall, 318 F.3d 343, 344 (1st Cir. 2003) (internal citation omitted). The SJC affirmed Cordle's convictions on March 11, 1992; her convictions became final ninety days thereafter. See Neverson, 366 F.3d at 36 (stating that a defendant's "conviction became final when the ninety-day period for seeking certiorari expired"). Because this date was before the enactment of AEDPA, Cordle had one year from April 24, 1996 to file a petition for habeas corpus. Thus, absent any tolling, the one-year period ended on April 24, 1997.[4]

---

[4]    In her brief, Cordle implies that AEDPA's one-year period of limitations did not begin to run until the SJC denied her motion for a new trial on December 4, 2001. Under 28 U.S.C. § 2244(d)(2), "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the one-year limitations period. However, Cordle's motion for a new trial

We have held that the one-year limitations period in § 2244(d)(1) may be equitably tolled. See Neverson, 366 F.3d at 41. "[E]quitable tolling . . . is the exception rather than the rule; resort to its prophylaxis is deemed justified only in extraordinary circumstances." Delaney v. Matesanz, 264 F.3d 7, 14 (1st Cir. 2001). "It is reserved for cases in which circumstances beyond the litigant's control have prevented [her] from promptly filing." Lattimore v. Dubois, 311 F.3d 46, 55 (1st Cir. 2002). Cordle bears the burden of establishing a basis for equitable tolling. Id.

Cordle's first argument for equitable tolling is that the attorney who represented her at trial was "constitutionally ineffective" in not filing a petition for habeas corpus or advising her of any filing deadlines for a habeas petition. As this court and other courts of appeals have explained, counsel's errors in calculating the time limits or advising a petitioner of the appropriate filing deadlines do not constitute extraordinary circumstances warranting equitable tolling. See, e.g., David, 318 F.3d at 346; Howell v. Crosby, 415 F.3d 1250, 1252 (11th Cir. 2005)

---

was not filed until November 11, 2000, several years after her AEDPA limitations period had already expired. "Section 2244(d)(2) only stops, but does not reset, the [AEDPA] clock from ticking and cannot revive a time period that has already expired." Dunker v. Bissonnette, 154 F. Supp. 2d 95, 103 (D. Mass. 2001) (internal quotation marks, brackets, and ellipsis omitted). Because Cordle's motion for a new trial was filed well after her AEDPA's limitations period had expired, it did not stop or reset the clock and does not help Cordle on this appeal.

(stating that "attorney negligence is not a basis for equitable tolling, especially when the petitioner cannot establish his own diligence in ascertaining the federal habeas filing deadline"); Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (equitable tolling not warranted where counsel erroneously advised petitioner of the filing deadline due to a misreading of the statute); Dunker v. Bissonnette, 154 F. Supp. 2d 95, 107 (D. Mass. 2001) (stating that usually, attorney errors are attributed to their clients).

In the instant case, Cordle has not shown how her attorney's failure to file a habeas petition constituted anything more than excusable neglect. See David, 318 F.3d at 346. This is not a case where Cordle asked her counsel to file a habeas petition but counsel failed to do so. See, e.g., Baldayaque v. United States, 338 F.3d 145, 152 (2d Cir. 2003) (finding equitable tolling appropriate where the petitioner's counsel failed to file a habeas petition despite being told to do so). Further, Cordle has not presented any evidence tending to show that she was diligent in pursuing her rights. See Neverson, 366 F.3d at 42 (stating that equitable tolling is "not available to rescue a litigant from [her] own lack of due diligence"). As the government notes, Cordle did not take any action regarding her convictions until November 11, 2000 when she filed a motion for a new trial. This was over eight years after her conviction became final and over three years after AEDPA's one-year period of limitations had expired. While Cordle

argues that she lacked knowledge of the law and the filing deadline, it is well settled in this circuit that "[i]gnorance of the law alone, even for incarcerated pro se prisoners, does not excuse an untimely [habeas] filing." Lattimore, 311 F.3d at 55. In the same way, Cordle's ignorance does not excuse her untimely habeas petition. Because any error by Cordle's attorney did not constitute extraordinary circumstances and because Cordle has failed to present any evidence showing that she was diligent in pursuing her rights, we reject her argument that the limitations period should be equitably tolled due to her counsel's failures to inform her of her right to file a habeas petition and to timely file a habeas petition.

Cordle next argues that the limitations period should be equitably tolled because she has not previously had federal review of her state convictions. This argument is easily disposed of, as the fact that this is Cordle's first habeas petition has no bearing in our consideration of whether any extraordinary circumstances exist that warrant equitable tolling.

Cordle's final argument is that the state court's resolution of her claims constituted an unreasonable application of clearly established federal law because the evidence was insufficient to support the verdict and because the trial judge's jury instructions were constitutionally deficient. We agree with the government that these arguments go to the merits of the habeas

petition. They do not play a role in whether extraordinary circumstances prevented Cordle from timely filing a habeas petition.

In sum, Cordle had almost five years from the time that her convictions became final to the time that her AEDPA limitations period expired in which to file a habeas petition. She failed to do so and has not made any showing that this failure was due to extraordinary circumstances or circumstances beyond her control. She has also failed to present any evidence tending to show that she was diligent in pursuing her federal rights before AEDPA's limitations period expired. We therefore hold that equitable tolling was not warranted in Cordle's case and that her habeas petition is time-barred.

## III.

For the foregoing reasons, the district court's decision is affirmed.

**<u>Affirmed</u>**.