The case was submitted on briefs.

*Lorenzo Q. Scott*, pro se.

*Robert C. Cosgrove*, Assistant District Attorney, for the defendant.

COMMONWEALTH *vs.* RAUL ROBLES, JR. December 13, 2005. *Supreme Judicial Court,* Appeal from order of single justice. *Practice, Criminal,* Appeal, Capital case, New trial.

The defendant, Raul Robles, Jr., was convicted of murder in the first degree and other crimes, and we affirmed the convictions. *Commonwealth* v. *Robles*, 423 Mass. 62 (1996). Robles subsequently filed in the Superior Court two motions for a new trial, both of which were denied. Pursuant to the gatekeeper provision of G. L. c. 278, § 33E, Robles applied to a single justice of this court for leave to appeal from the denial of his second motion. The single justice denied the application on the separate and independent grounds that it was untimely, *Mains* v. *Commonwealth*, 433 Mass. 30, 36 n.10 (2000), and

that it presented no "new and substantial" issue warranting leave to appeal.[1] Robles appeals from the single justice's ruling.

The Commonwealth has moved to dismiss Robles's appeal. It is well established that "the decision of the single justice, acting as a gatekeeper pursuant to G. L. c. 278, § 33E, is 'final and unreviewable.' " *Commonwealth v. Herbert, ante* 1018, 1018 (2005), quoting *Commonwealth v. Perez,* 442 Mass. 1019, 1019 (2004). As we stated in *Commonwealth v. Scott,* 437 Mass. 1008, 1008 (2002), "[t]he defendant's claim that he was deprived of the effective assistance of appellate counsel on his direct appeal ignores not only the nature of plenary review, see G. L. c. 278, § 33E, but also the single justice's determination as gatekeeper that the claim of ineffective assistance was not substantial." Robles cannot appeal to the full court.

*Appeal dismissed.*

The case was submitted on briefs.

*Raul Robles,* pro se.

---

[1]Robles's claims included a claim of ineffective assistance of counsel by the attorney who represented him in his direct appeal. He was not represented by counsel when he filed his first and second motions for a new trial. The single justice stated: "The defendant has not raised any issue that could not have been raised during his direct appeal or, at the latest, in his first motion for new trial. As such, none of the issues qualifies as 'new.' Nor do they appear to be substantial."