**Raul ROBLES, Petitioner,**

v.

**Steven O'BRIEN, Respondent.**

**Civil Action No. 06–40025–FDS.**

United States District Court,
D. Massachusetts.

Dec. 19, 2006.

Scott A. Katz, Office of the Attorney General, Boston, MA, for Respondent.

## MEMORANDUM AND ORDER ON RESPONDENT'S MOTION TO DISMISS

SAYLOR, District Judge.

This is an application for a writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254. Petitioner Raul Robles was convicted in Massachusetts state court of various offenses in 1992. Robles filed two motions for a new trial, but both were denied by the trial court. Proceeding *pro se,* Robles filed this application for a writ of habeas corpus in 2006. Respondent Steven O'Brien has moved to dismiss the petition as time-barred under 28 U.S.C. § 2254(d). For the reasons stated below, the motion will be granted.

### I. *Background*

On January 16, 1992, a jury convicted Robles of first-degree murder, armed robbery, and unlawful carrying of a firearm. He was given a life sentence on the murder and armed robbery charges and a four-to-five year sentence on the firearm charge, all to be served concurrently. *See Commonwealth v. Robles,* 423 Mass. 62, 63–64, 666 N.E.2d 497 (1996). The Massachusetts Supreme Judicial Court affirmed the convictions on June 25, 1996.

Robles filed a motion for a new trial on February 23, 1998. The Hampden Superior Court denied the motion on March 13, 1998. Six years later, on March 22, 2004, Robles filed a second motion for a new trial in the Superior Court. Again, the motion was denied. Robles then filed an application for leave to pursue an appeal with a single justice of the Supreme Judicial Court. The single justice denied Robles's petition on August 5, 2005. Robles sought to appeal the denial, but his appeal was dismissed by the Supreme Judicial Court on December 13, 2005 because a single justice's decision is considered "final

and unreviewable." *Commonwealth v. Robles,* 445 Mass. 1022, 838 N.E.2d 1256 (2005). The petition for a writ of habeas corpus was filed in this Court on January 30, 2006.

## II. *Analysis*

▮ Effective April 24, 1996, Congress enacted a statute of limitations applicable to federal habeas corpus petitions filed by state prisoners as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244(d). That statute sets a one-year limitations period which runs from the time that the state court judgment of conviction becomes "final by the conclusion of direct review or the expiration of the time for seeking direct review." 28 U.S.C. § 2244(d)(1)(A). Judgments are considered "final" for AEDPA purposes "when the ninety-day period for seeking certiorari expire[s]." *Neverson v. Farquharson,* 366 F.3d 32, 36 (1st Cir.2004).

▮ The statute provides exceptions to the one-year limitations period where an untimely filing was caused by the state, where new constitutional rights have been created by the Supreme Court, or where there is newly discovered evidence. 28 U.S.C. § 2244(d)(1)(B)-(D). The AEDPA also excludes from the one-year limitations period the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. . . ." 28 U.S.C. § 2244(d)(1)(A). In addition, equitable tolling of the AEDPA's limitations period may be available when "extraordinary circumstances" beyond the petitioner's control prevented the prompt filing of the petition. *Cordle v. Guarino,* 428 F.3d 46, 48 (1st Cir.2005).

▮ As previously noted, petitioner's direct appeal was denied on June 25, 1996. His conviction became final ninety days thereafter, on September 23, 1996, when his opportunity to seek certiorari expired. Accordingly, Robles was required to file his habeas petition by September 23, 1997. He did not commence this action until January 30, 2006, more than nine years after his conviction became final. Although petitioner commenced post-appeal litigation in the state courts during that time, he did not file his first motion for a new trial until February 23, 1998. By then, the AEDPA limitations period had already expired. While the limitations period is tolled during the pendency of properly filed post-conviction state court litigation, the AEDPA clock is not reset or restarted when the limitations period has already expired. *Cordle,* 428 F.3d at 48 n. 4.

▮ Petitioner has not established any reason why the limitations period should not apply. *See id.* at 48 (recognizing that the petitioner bears the burden of establishing a basis for equitable tolling). Although he argues that the state courts did not properly adjudicate his ineffective assistance of counsel claims, that argument goes to the merits of the petition, not whether extraordinary circumstances prevented him from filing a petition in a timely fashion. *Id.* at 49.

In sum, petitioner failed to file within the time period permitted by the AEDPA. He has not made any showing that this failure was due to extraordinary circumstances or circumstances beyond his control. The petition is therefore time-barred under 28 U.S.C. § 2254(d) and must be dismissed.

## III. *Conclusion*

Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus is GRANTED.

The petition for a writ of habeas corpus is hereby dismissed with prejudice.

**So Ordered.**