STATE OF MAINE                                          SUPERIOR COURT
PENOBSCOT, ss.                                          CRIMINAL ACTION
                          ┌─────────────────────────┐   DOCKET NO. CR-06-174
                          │   FILED & ENTERED       │   ʻ ʻ ʻ ~ Ƥⱦ Ⱡ- 3ʹȝɤ  ɔɔɔʔ
                          │   SUPERIOR COURT        │
DOUGLAS H. BURR           │   MAR 30 2007           │
                          │                         │
     Petitioner           │   PENOBSCOT COUNTY      │
                          └─────────────────────────┘
     v.                                             ORDER ON PETITION FOR
                                                    POST-CONVICTION REVIEW
STATE OF MAINE,

     Respondent


This matter is before the court on Douglas H. Burr's petition for post-conviction

review, which was assigned to the criminal docket by the court on February 28, 2006.

After reviewing the parties' briefs, filed in accordance with the Pre-Hearing Order, the

court finds that the petition is time-barred. Therefore, the court need not address the

merits of the petition and dismisses the petition in its entirety.

### BACKGROUND

Petitioner filed a petition for post-conviction review pursuant to 15 M.R.S.A.

§§2121-2132 on February 9, 2006. The petition alleges that Petitioner received

ineffective assistance of counsel in CR-96-761, the proceeding that led to his criminal

conviction.[1] Specifically, Petitioner alleges that his attorney failed to object to the use of

---

[1] In CR-96-761, Petitioner was charged by Indictment with Burglary of a Dwelling Place (Class B) (Counts 1, 3, 5, 7, 12, 14, 16, 18, 22, 23, 25, 27, 29, 35), Theft by Unauthorized Taking (Class B) (Counts 2, 4, 6, 8, 13, 15, 17, 19, 20, 21, 24, 26, 30, 36, 38, 44), Burglary of a Structure (Class C) (Count 10), Theft by Unauthorized Taking (Class C) (Counts 11, 28, 31, 32, 33, 34, 46), Reckless Conduct With the Use of a Firearm Against a Person (Class C) (Count 9), Theft by Unauthorized Taking (Class E) (Count 40), Burglary of a Dwelling Place While Armed with a Firearm (Class A) (Counts 37, 39, 41, 42, 43, 45, 47), Murder (17-A M.R.S.A. § 201(1)) (Count 48), and Felony Murder (Class A) (Count 49). Count 49 was dismissed by the State on March 18, 1998. Petitioner pled guilty to Counts 1-36, 38, 40, 44 and 46 on March 30, 1998. Petitioner pled not guilty to Counts 37, 39, 41, 42, 43, 45, 47 and 48 on December 13, 1996. The court entered guilty as to all counts on February 11, 1999. Petitioner was sentenced to the Department of Corrections for a term of 45 years. Afterwards, Petitioner applied, through his attorney, to

1

misleading jury instructions on accomplice liability and that his attorney never requested a felony murder instruction. In addition, Petitioner claims his attorney failed to raise the jury instruction issues on the subsequent appeal.

On February 28, 2006, the court assigned Petitioner's post-conviction review petition to the criminal docket, noting that Petitioner's allegation of ineffective assistance of counsel was proper for review. In issuing the order, however, the court noted that it was not clear from the face of the petition whether or not the petition was filed after the statute of limitations had run. The petition was assigned to the criminal docket to first determine whether or not the petition was time-barred and, if not time-barred, to review the substance of the claim. On April 10, 2006, the State filed its answer and motion to dismiss.

On September 7, 2006, the parties met, pursuant to M.R. Crim. P. 72A(b), for a pre-hearing conference. In the ensuing order, the court reiterated that the petition was proceeding in two stages and instructed the parties to file briefs in regard to the first stage—whether Petitioner filed within the statute of limitations. Since the order, both parties have filed their briefs accordingly.

## DISCUSSION

Petitioner acknowledges that if the statute of limitations were governed by 15 M.R.S.A. § 2128(5)(A), his petition would be dismissed because it was filed more than one year since the resolution of his appeals to the Law Court. Petitioner, however, argues that his petition is not time-barred pursuant to 15 M.R.S.A. § 2128(5)(C), which provides that the statute of limitations will begin to run from "date on which the factual predicate

---

the Law Court for permission to appeal the sentence and also filed a direct appeal. A certificate of probable cause was denied by the Court on May 17, 2000, and the criminal judgment was affirmed on June 28, 2000.

2

of the claim or claims presented could have been discovered through the exercise of due diligence." In the alternative, Petitioner argues that the principles of equitable tolling should save the petition from being dismissed as time-barred.

*1. Factual Predicate*

Petitioner's argument that his petition was timely filed is largely based upon the alleged lack of contact between Petitioner and his appointed trail and appellate attorney, Attorney Stilphen. The petition was filed on February 9, 2006, shortly after Petitioner had obtained new counsel. Prior to this retention, Petitioner claims that he and various family members had repeatedly, without success, attempted to contact Attorney Stilphen, regarding the status of his case. Because of this lack of contact, Petitioner argues, he could not have, through due diligence, discovered the factual predicate to his post-conviction review claims prior to the time he obtained new counsel. As Petitioner states in his brief, he "as an incarcerated inmate, cannot reasonably be expected to have discovered—all by himself and despite his attorney—the error in the accomplice liability instruction, conflating statutory definitions of felony murder, manslaughter and murder. Even though he used due diligence, he could not discover the factual predicate until his family retained another attorney." (Pet'r Br. at 3.)

In his affidavit, Petitioner sets forth the details of his relationship with Attorney Stilphen. He states that "Arthur told me he would take care of everything... to challenge my conviction and sentence," (Pet'r Aff. ¶ 6) but that he "was never provided with a trial transcript, sentence appeal document or brief from the appeal. I read that my appeal was denied in the newspaper" (Pet'r Aff. ¶ 7). In addition, he states that he "never received a written copy of the jury instructions used at his trial." (Pet'r Supp. Aff. ¶ 1.) He also

states that he "had no information that there were time limits; Arthur Stilphen had not told me about any time limits." (Pet'r Aff. ¶ 9). Finally, although he does not provide exact dates for alleged correspondence, Petitioner states that he and his family placed several calls to and wrote to Attorney Stilphen but never received a response. (Pet'r Aff. ¶¶ 11-13.) In sum, Petitioner claims that he could not have learned of his attorney's ineffectiveness because the legal issues surrounding the instructions issues were complex and "no ordinary person, even with due diligence, can be expected to be competent in technical legal issues or processes." (Pet'r Br. at 7.)

The State's position is that "the facts supporting Petitioner's claim [of ineffective assistance of counsel] could have been discovered anytime after the instructions were given to the jury on April 13, 1998, and certainly anytime after the Law Court appeal was denied on June 27, 2000." (State's Br. at 5.) Further, the State argues, "[w]hat the Petitioner is really saying is that the legal subtleties of his claims weren't recognized or articulated until his current attorney developed them. But that is not the same as saying the facts supporting the claims could not have been discovered." (State's Br. at 5.)

The court agrees with the State that the Petitioner could have discovered the factual predicate to his claims before February 9, 2005, one year before his petition was filed. Although the court recognizes that a period of time may have passed while Petitioner and his family attempted to contact Mr. Stilphen, Petitioner's argument fails to account for why he waited more than five years from the Law Court's disposition of the appeal to retain new counsel and file a petition. As Petitioner noted, he learned of the denial of his appeal through the newspaper, indicating an already established lack of communication between himself and Attorney Stilphen at the time the appeal was

4

decided. Further, there is nothing in Petitioner's affidavit to suggest that he made contact with Attorney Stilphen after the appeal was decided in June of 2000, and Petitioner's mother states in her affidavit that the unanswered calls to Attorney Stilphen began after the appeal was decided. (Lucille Burr Aff. ¶ 8.) Petitioner may have lacked the legal acumen[2] to determine grounds for a post-conviction review petition, or even that these petitions are bound by time restraints; however, Petitioner could have obtained copies of important court documents, including jury instructions, and sought the help of another attorney. Petitioner could also have, within the year after the appeal was decided, contacted the court directly. If he had done so, he would have been informed that Attorney Stilphen had filed nothing on Petitioner's behalf since the appeal. Although Attorney Stilphen's failure to contact Petitioner is unfortunate, Petitioner could have, by due diligence, followed up with the court and sought new representation within the one year after his appeal was denied and discovered the factual predicate to his claim on post-conviction review.

### 2. Equitable Tolling

Although the Law Court has applied the principle of equitable tolling before in civil cases, they have never done so before in the unique context of a post-conviction review petition.[3] Even if equitable tolling was appropriate in this context, however, the court disagrees with Petitioner that the facts surrounding his petition warrant application of the principle. As Petitioner himself recognizes, the statute of limitations provisions in

---

[2] The United States Supreme Court has stated: "[W]e have never accepted… procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness." *Wall v. United States*, 2005 U.S. Dist. LEXIS 22257 at *9 (2005) (quoting *Johnson v. United States*, 544 U.S. 295 (2005)).

[3] The Superior Court, however, has concluded in at least one prior instance that equitable tolling is available for application in the context of a post-conviction review petition. *King v. State*, No. 99-69 (Me. Super. Ct. Apr. 14, 2000) (order granting motion to dismiss post-conviction review petition) (Studstrup, J.).

post-conviction review matters are patterned after similar federal legislation concerning writs of habeas corpus. Federal courts have interpreted the corresponding one-year limitations period as being subject to equitable tolling in "exceptional" circumstances. *See Neverson v. Farquharson*, 366 F.3d 32, 40-41 (1st Cir. 2004). As the eleventh circuit has stated: "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). This is not such an exceptional circumstance, as the court has already determined that Petitioner could have avoided missing the filing deadline had he exercised further diligence.[4]

In addition, the First Circuit, as well as other circuits that have addressed the issue, has recognized that attorney error does not qualify as "exceptional" circumstances. *See Cordle v. Guarino*, 428 F.3d 46, 48 (1st Cir. 2005) ("[a]s this court and other courts of appeals have explained, counsel's errors in calculating the time limits or advising a petitioner of the appropriate filing deadlines do not constitute extraordinary circumstances warranting equitable tolling"). Therefore, Petitioner's push for equitable tolling based on Attorney Stilphen's lack of communication is inadequate.

## CONCLUSION

The entry is:

Douglas H. Barr's petition for post-conviction review is dismissed as time-barred.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

---

[4] "Equitable tolling 'is not available to rescue a litigant from his own lack of due diligence." *Kasa v. Merrill* 2004 U.S. Dist. LEXIS 13253 at *7 (2004) (citing *Neverson v. Farquharson*, 366 F.3d 32, 42 (1st Cir. 2004)).

6

Dated: **3|28** , 2007

Joyce A. Wheeler
Justice, Superior Court



CLERK'S OFFICE

# Superior Court

97 Hammond Street
Bangor, Maine 04401
207-561-2300

ATTORNEY FOR THE PETITIONER

MARY DAVIS, ESQ
P O BOX 572
PORTLAND   ME   04112

ATTORNEY FOR THE STATE

WILLIAM R STOKES, DEPUTY AG
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA   ME   04333