**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SIDNEY COOLEY,

       Petitioner-Appellant,

v.

ANGEL MEDINA, Warden, L.C.F.;
THE ATTORNEY GENERAL OF THE
STATE OF COLORADO,

       Respondents-Appellees.

No. 10-1485
(D.C. No. 1:10-CV-01834-ZLW)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Sidney Cooley, a state prisoner proceeding pro se, seeks a certificate of

appealability ("COA") to contest the district court's determination that his 28 U.S.C.

§ 2254 habeas petition was time-barred by the Anti-Terrorism and Effective Death

Penalty Act ("AEDPA"). <u>See</u> 28 U.S.C. § 2244(d)(1). We deny his request for a COA.

**I**

Cooley pled guilty to six counts of a forty-eight count indictment relating to a

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

series of burglaries. His conviction and sentence were affirmed by the Colorado Court of Appeals on March 29, 2007, and his petition for review was denied by the Colorado Supreme Court on August 6, 2007. Cooley did not petition for certiorari to the United States Supreme Court.

In October 2007, Cooley filed a motion for reconsideration of his sentence pursuant to Colo. R. Crim. P. 35(b). The motion was denied on February 12, 2008. Pursuant to Colo. App. R. 4(b)(1), Cooley had forty-five days to appeal this order, but he did not do so. Cooley contends he did not receive notice of the trial court's ruling on his motion until August 2008 and that he believed AEDPA's clock began to run from the date he discovered that his motion failed.

On May 26, 2009, Cooley began collateral proceedings in the Colorado courts pursuant to Colo. R. Crim. P. 35(c). His claims were rejected by the trial court and denied by the Colorado Court of Appeals. Cooley did not seek certiorari with the Colorado Supreme Court. He filed his federal habeas petition with the district court on July 26, 2010.

The district court concluded that Cooley's petition was untimely. Cooley seeks a COA based on his claim that he is entitled to equitable tolling because of his belief that the statute of limitations did not begin to run until he learned of the failure of his Rule 35(b) motion.

**II**

In cases in which the district court dismisses a habeas petition on procedural grounds, we may grant a COA only if "jurists of reason would find it debatable whether

-2-

the petition states a valid claim of the denial of a constitutional right and . . . jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Our review of the district court's interpretation of AEDPA's timeliness requirement is de novo. See e.g., Gibson v. Klinger, 232 F.3d 799, 803 (10th Cir. 2000). Because Cooley proceeds pro se, we liberally construe his pleadings. See Cummings v. Evans, 161 F.3d 610, 613 (10th Cir. 1998).

## A

In most cases, AEDPA requires that a petition for a writ of habeas corpus be brought within one year of "the date on which the judgment became final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). This statute of limitations is tolled during a petitioner's pursuit of post-conviction relief in state courts, § 2244(d)(2), and may be tolled if the state creates impediments to filing "in violation of the Constitution or laws of the United States," § 2244(d)(1)(B).

Cooley's judgment became final on November 4, 2007, ninety days after he was denied certiorari by the Colorado Supreme Court and the last day on which he could have filed for certiorari with the United States Supreme Court. See Locke v. Saffle, 237 F. 3d 1269, 1273 (10th Cir. 2001); Sup. Ct. R. 13.1. The AEDPA statute of limitations did not begin to run on that date, however, because Cooley filed his Rule 35(b) motion in October 2007. See 28 U.S.C. § 2242(d)(2) (tolling during post-convictions proceedings). Tolling continued from the denial of this motion until the termination of the period during which Cooley could have appealed the ruling, forty-five days later. See Gibson, 232 F.3d

at 804; Colo. App. R. 4(b)(1). Thus, the AEDPA statute of limitations began to run on March 28, 2008. Cooley filed his second post-conviction motion on May 26, 2009, but because more than a year elapsed between the conclusion of Cooley's Rule 35(b) motion and the filing of his Rule 35(c) motion, his petition is time-barred. 28 U.S.C. § 2242(d)(1).

**B**

The Supreme Court recently held that AEDPA's time limit may be equitably tolled when a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quotation omitted). Cooley contends that he is entitled to equitable tolling under Holland because he did not know that his Rule 35(b) motion was denied until August 2008. In Holland, the petitioner consistently and diligently urged his attorney to file a timely habeas petition. 130 S. Ct. at 2556-59. His attorney consistently and delinquently ignored him. Id. The Court held that gross attorney negligence could be a basis for equitable tolling under AEDPA. Id. at 2564.

In contrast to the petitioner in Holland, Cooley does not show that he acted diligently in pursuing his action. See id. at 2562. He does not claim that he made any effort to determine the status of his Rule 35(b) motion. Further, upon receiving notice of the court's denial, he did not file promptly, but waited nine months. He argues that this was because of his mistaken belief that the AEDPA statute of limitations did not begin to accrue until August 2008. Yet this type of negligence, even if understandable given Cooley's pro se status, does not justify equitable tolling. Cf. Gibson, 232 F.3d at 808; see

-4-

also <u>Cordle v. Guarino</u>, 428 F.3d 46, 49 (1st Cir. 2005) ("[I]gnorance of the law alone, even for incarcerated pro se prisoners, does not excuse an untimely habeas filing.") (quotation and alteration omitted). Cooley responds that the state should bear the burden of his mistake because it failed to notify him of the status of his motion.[1] But even if we accept that the state's mistake contributed to his failure to file a timely petition, Cooley could have remedied the situation by simply filing at some point between August 2008 and the termination of the limitation period on March 28, 2009. His failure to do so demonstrates a lack of diligence and renders him ineligible for equitable tolling.

**III**

For the forgoing reasons, we **DENY** a COA and **DISMISS** the appeal. We **GRANT** Cooley's motion to proceed in forma pauperis.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[1] Cooley also suggests that this failure was a state-created "impediment," which would re-set the AEDPA clock. § 2244(d)(1)(B). But he does not argue that the state deliberately withheld notification of the failure of his motion or that such a mistake was "in violation of the Constitution or laws of the United States." <u>Id.</u>