FILED
United States Court of Appeals
Tenth Circuit

September 27, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

FRANKLIN KEMP,

        Petitioner - Appellant,

v.

BRIGHAM SLOAM, Warden; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

        Respondents - Appellees.

No. 11-1155

(D. Colorado)

(D.C. No. 1:11-CV-00420-LTB)

---

ORDER DENYING CERTIFICATE OF APPEALABILITY

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

---

Franklin Kemp (Defendant), a Colorado prisoner, filed an application for

relief under 28 U.S.C. § 2254 in the United States District Court for the District

of Colorado. The court denied the application as untimely. Defendant seeks a

certificate of appealability (COA) from this court to appeal the denial. *See*

28 U.S.C. § 2253(c)(1)(A) (requiring a COA to appeal the denial of a § 2254

application). We deny his application for a COA and dismiss the appeal.

I.      BACKGROUND

A jury convicted Defendant in 1999 on two counts of incest, two counts of

sexual assault on a child, and one count of contributing to the delinquency of a

minor. He was sentenced to 42 years' imprisonment. The Colorado Court of

Appeals affirmed the judgment and the Colorado Supreme Court denied his petition for certiorari on August 19, 2002. He apparently did not seek review in the United States Supreme Court. On December 20, 2002, Defendant filed a motion for sentence reconsideration, which the trial court denied on April 14, 2003. He did not appeal the order.

Defendant filed no further pleadings seeking relief until about three years later, when he filed a motion to correct illegal sentence on April 6, 2006. That was the first of repeated unsuccessful motions in state court to correct or vacate his sentence. The trial court's final denial of such a motion was on December 3, 2010.

On February 18, 2011, Defendant filed his § 2254 application in federal court. He raised six claims of ineffective assistance of trial counsel: failure to proffer exculpatory evidence, failure to cross-examine witnesses, failure to investigate the case, failure to subpoena and interview key witnesses, misrepresentation of material facts, and failure to raise the issue of insufficient evidence at trial. Defendant also claimed that the district attorney maliciously prosecuted the case with no physical evidence and that the trial judge's refusal to grant a mistrial constituted judicial misconduct. Finally, Defendant alleged that his appellate counsel was ineffective for not presenting these claims on appeal.

The district court dismissed the petition as time-barred under 28 U.S.C. § 2244(d). It said that the limitation period first started running when

Defendant's conviction became final on November 17, 2002, ninety days after the Colorado Supreme Court denied certiorari review. Although the one-year limitation period was tolled from December 20, 2002, to April 14, 2003, while state postconviction proceedings were pending, the clock then "ran for almost three years until April 6, 2006, when [Defendant] filed a motion to correct illegal sentence. At that point, however, the one-year period had already expired." R. at 186–87 (Order of Dismissal at 5–6, *Kemp v. Sloam*, No. 11-cv-00420-BNB (D. Colo. April 5, 2011) (emphasis omitted).

The district court also considered whether it could toll the limitation period for equitable reasons. Defendant argued in his "Pre-Answer" brief to the district court that he has a learning disability and suffers from illiteracy. But the court, citing *Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007) (dyslexia does not justify tolling), ruled that these personal limitations do not constitute grounds for equitable tolling.

In this court, Defendant claims only that defense counsel was ineffective in failing to consult with him and investigate the case, and that the trial judge's refusal to declare a mistrial constituted judicial misconduct. Citing *Trustees of Dartmouth College v. Woodward*, 17 U.S. 518 (1819), he argues that both defense counsel and the state trial judge failed to perform duties expected of them under an implied contract to serve their fellow citizens. His pleadings do not address the timeliness of his § 2254 application.

## II. DISCUSSION

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Each component of the . . . showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485.

Here, no reasonable jurist could dispute that Defendant's § 2254 application was untimely.

## III. CONCLUSION

We DENY Defendant's application for a COA and DISMISS the appeal. We also DENY his motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

-4-