FILED
United States Court of Appeals
Tenth Circuit

August 21, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

TERRELE BOYCE,

      Petitioner-Appellant,

v.

TOM CLEMENTS, Executive Director
for Colorado Department of Corrections;
THE ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents-Appellees.

No. 12-1218

(D.C. No. 1:12-CV-00082-LTB)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE,** Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

---

      Terrele Boyce, a Colorado state prisoner appearing pro se, seeks a certificate of

appealability (COA) in order to challenge the district court's dismissal of his 28 U.S.C. §

2254 petition for federal habeas relief.  Because Boyce has failed to satisfy the standards

for the issuance of a COA, we deny his request and dismiss the matter.  We also deny his

request to proceed in forma pauperis on appeal.

I

      In late 2005, Boyce was convicted by a jury in the District Court for the City and

---

[*] This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel.

County of Denver on one count of first degree assault. Boyce was subsequently sentenced to a term of imprisonment of twenty-four years, plus five years of mandatory parole.

Boyce filed a direct appeal. On April 1, 2010, the Colorado Court of Appeals (CCA) affirmed Boyce's conviction and sentence. People v. Boyce, No. 06CA0564 (Colo. App. Apr. 1, 2010). Boyce filed a petition for writ of certiorari with the Colorado Supreme Court, but that petition was denied on August 9, 2010. Boyce v. People, No. 2010SC317 (Colo. Aug. 9, 2010).

On December 30, 2010, Boyce filed a motion for sentence reconsideration pursuant to Colorado Rule of Criminal Procedure 35(b). That motion was denied by the trial court on January 7, 2011.

On January 12, 2012, Boyce initiated the instant proceedings by filing a pro se petition for writ of habeas corpus pursuant to § 2254. Boyce's petition asserted three grounds for relief: (1) the trial court violated Boyce's constitutional rights by failing to suppress evidence obtained as a result of an unlawful, warrantless search; (2) the trial court violated Boyce's constitutional rights by limiting cross-examination of a key prosecution witness; and (3) the CCA erred in concluding that the prosecution presented sufficient evidence to establish that Boyce did not act in self-defense or upon provocation.

Respondents, at the directive of the magistrate judge assigned to the case, filed a pre-answer response. Respondents conceded therein that Boyce had exhausted his state court remedies, but they argued that Boyce's petition was untimely. Boyce did not file a

reply to the respondents' pre-answer response.

On May 11, 2012, the district court issued an order dismissing Boyce's petition as untimely. In doing so, the district court first determined that Boyce's conviction became final "on Sunday, November 7, 2010," exactly ninety days after "[t]he Colorado Supreme Court denied certiorari review in [his] direct appeal . . . on August 9, 2010." ROA, Vol. 1, at 204. The district court further noted that "the one-year limitation [period] was continued until the next business day, or Monday, November 8, 2010, when the time in which he could have petitioned for review in the United States Supreme Court expired." Id. In turn, the district court concluded that "[t]he one-year limitations period for purposes of [28 U.S.C.] § 2244(d) began to run on the next day, November 9, 2010," id., and "ran for 52 days . . . until December 30, 2010, when . . . Boyce filed his Colo. R. Crim. P. 35(b) postconviction motion," id. at 205. The district court concluded that the one-year statute of limitations was tolled from December 30, 2010, until February 21, 2011, the date by which the district court concluded that Boyce had "to seek an appeal under state law" from the trial court's denial of his Rule 35(b) motion. Id. (citing Colo. R. App. P. 4(b)). Thereafter, the district court concluded, the one-year statute of limitations began running again and expired prior to the filing of Boyce's federal habeas petition on January 12, 2012. More specifically, the district court concluded that "377 (52 + 325) days elapsed by the time . . . Boyce initiated the instant action." Id. Although the district court acknowledged that "[t]he one-year limitation period . . . is not jurisdictional and may be tolled for equitable reasons," id., it noted that "Boyce fail[ed] to

3

assert any basis for equitable tolling," id. at 206.  Consequently, the district court concluded that, "under § 2244(d), . . . Boyce [wa]s time-barred from filing a federal habeas corpus action . . . ."  Id. at 206-07.  As part of its order of dismissal, the district court stated "that no certificate of appealability w[ould] issue because [Boyce] ha[d] not made a substantial showing of the denial of a constitutional right," and it denied Boyce leave to proceed in forma pauperis on appeal.  Id. at 207.

Boyce filed a timely notice of appeal, and has since filed with this court a combined opening brief and an application for COA.

II

Issuance of a COA is jurisdictional.  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  In other words, a state prisoner may appeal from the denial of federal habeas relief under 28 U.S.C. § 2254 only if the district court or this court first issues a COA.  28 U.S.C. § 2253(c)(1)(A).  Where, as here, a district court denies a habeas petition on procedural grounds, a COA will be issued only when the petitioner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year statute of limitations to file petitions for federal habeas relief under 28 U.S.C. § 2254.  28 U.S.C. § 2244(d)(1).  This limitations period typically begins running on "the date on which the judgment became final by the conclusion of direct review or the

4

expiration of the time for seeking such review." Id. § 2244(d)(1)(A).

In this case, the district court noted that "[t]he Colorado Supreme Court denied certiorari review in . . . Boyce's direct appeal of his criminal conviction on August 9, 2010," and that "Boyce did not seek a writ of certiorari from the United States Supreme Court." ROA, Vol. 1, at 204. "As a result," the district court concluded, Boyce's "conviction became final ninety days later, on Sunday, November 7, 2010, although the one-year limitation was continued until the next business day, or Monday, November 8, 2010, when the time in which he could have petitioned for review in the United States Supreme Court expired." Id.

Boyce now takes issue with the district court's analysis, arguing that, under Colorado state law, a timely filed "Crim. P. 35(b) motion" for reconsideration of sentence "is not considered to be a postconviction motion," but rather "a continuation of the appeals process . . . ." Aplt. Br. at 4. Consequently, he argues, his conviction did not become final, and the one-year limitations period under § 2244(d) did not begin running, until his timely-filed Rule 35(b) motion was denied by the trial court. And in turn, he argues, the one-year limitations period did not expire prior to the filing of his federal habeas petition.

Boyce's arguments lack merit. Nothing in the Colorado Rules of Criminal Procedure or in Colorado case law supports the notion that the filing of a motion for reduction of sentence under Colorado Rule of Criminal Procedure 35(b) delays the finality of a conviction. Indeed, both the title ("POSTCONVICTION REMEDIES") and

5

text of Rule 35 suggest that a motion for reduction of sentence is a postconviction remedy that is generally sought after a judgment of conviction or sentence is affirmed and becomes final on direct appeal. See Colo. R. Crim. P. 35(b) (outlining when a motion for reduction of sentence may be filed, including "within 120 days after entry of any order or judgment of the appellate court denying review or having the effect of upholding a judgment of conviction or sentence"). Likewise, Colorado case law consistently refers to Rule 35(b) as providing "postconviction relief." E.g., Delgado v. People, 105 P.3d 634, 637 (Colo. 2005). Moreover, Colorado case law expressly provides that if a criminal defendant pursues a direct appeal, his conviction becomes "final for purposes of . . . postconviction review [when] the appellate process is exhausted." People v. Hampton, 857 P.2d 441, 444 (Colo. App. 1992). Finally, a review of our case law demonstrates that, in applying 28 U.S.C. § 2244(d) to Colorado state convictions, we have consistently treated the direct appeal process as complete and a conviction as final upon the expiration of the ninety-day period for seeking certiorari review in the United States Supreme Court (assuming, of course, that the defendant failed to seek certiorari review with the Supreme Court). E.g., Kemp v. Sloam, 442 F. App'x 363, 364 (10th Cir. 2011); Cooley v. Medina, 412 F. App'x 51, 52 (10th Cir. 2011).

To the extent that Boyce's arguments could be interpreted as a request for equitable tolling on the grounds that he misunderstood when his conviction would become final under Colorado law, we likewise find no merit to them. Equitable tolling is available only in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799,

6

808 (10th Cir.2000).  A defendant seeking federal habeas relief is not entitled to equitable tolling unless he can demonstrate (1) he diligently pursued his rights and (2) an extraordinary circumstance stood in his way.  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  Boyce clearly does not meet the first requirement, given the unexplained lengthy delay between the state trial court's denial of his Rule 35(b) motion and the filing of his federal habeas petition.

In sum, we conclude that Boyce has failed to establish "that jurists of reason would find it debatable whether the district court was correct in" dismissing his petition as untimely.  Slack, 529 U.S. at 484.

The application for COA is DENIED and this matter is DISMISSED.  Boyce's motion to proceed in forma pauperis on appeal is DENIED.

Entered for the Court

Mary Beck Briscoe
Chief Judge

7