**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 18-1658

———————

GILBERT M. MARTINEZ,
                              Appellant

v.

MADELYN FUDEMAN, IN HER INDIVIDUAL AND OFFICIAL CAPACITY;
CITY OF READING PROPERTY MAINTENANCE DIVISION;
READING AREA WATER AUTHORITY

———————————————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-16-cv-01290)
District Judge:  Honorable Edward G. Smith

———————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 2, 2018

Before:  VANASKIE, COWEN and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  August 3, 2018)

———————

OPINION[*]

———————

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Gilbert M. Martinez appeals pro se from the District Court's order denying his motion to reopen the time to file a notice of appeal. For the reasons that follow, we will affirm.

Martinez filed a complaint in the District Court against the Honorable Madelyn Fudeman, a Pennsylvania Court of Common Pleas judge, the City of Reading Property Maintenance Division (PMD), and the Reading Area Water Authority (RAWA), alleging, inter alia, claims under 42 U.S.C. §§ 1983 & 1981, and the Pennsylvania Utilities Code. Martinez claimed that the defendants acted individually and in concert to deprive him of his civil and constitutional rights. The complaint included allegations that (1) RAWA unlawfully terminated water services at his home and wrongfully imposed fees to restore it; (2) PMD unlawfully condemned his home for lack of running water and issued citations; and (3) Judge Fudeman conspired with RAWA and PMD to deprive him of his right to a trial by requiring him to submit to arbitration in his state court action against them.

In July 2016, the District Court dismissed with prejudice the claims against Judge Fudeman, and all claims arising under Title VII and 18 U.S.C. §§ 241 & 242. RAWA and PMD filed motions for summary judgment. After a hearing, the District Court issued a 56-page opinion granting the motions, and entered a separate order on September 29, 2017, granting judgment in favor of RAWA and PMD. On October 20, 2017, Martinez filed a motion for injunctive relief, which the District Court denied in an order entered

2

November 3, 2017, noting that it was "not a motion for reconsideration or other motion cognizable" under Fed. R. Civ. P. 60.

Martinez filed a notice of appeal on December 6, 2017, seeking review of "the final order entered on the 29th day of September 2017 denying plaintiffs injunction Relief (sic) and issuing summary judgment in favor of defendants." We granted RAWA and PMD's motions to quash the appeal as untimely. See Fed. R. App. P. 4(a)(1)(B); see also Bowles v. Russell, 551 U.S. 205, 209 (2007) (holding that the time limit for filing a notice of appeal is "mandatory and jurisdictional") (citation omitted). On December 18, 2017, Martinez filed a motion to reopen the time to appeal in the District Court pursuant to Fed. R. App. P. 4(a)(6). In his motion, Martinez argued that the Clerk of the District Court did not send out notice of the entry of judgment until November 9, 2017, after the time for filing a notice of appeal had expired. In his affidavit in support of the motion, Martinez indicated that he first learned of the entry of judgment from RAWA's response in opposition to his post-judgment motion for injunctive relief, and that he received a copy of the judgment order "on or about" November 13, 2017. The District Court denied the motion in an order entered March 13, 2018. This appeal ensued.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We review the denial of a Rule 4(a)(6) motion for abuse of discretion. See United States v. Rinaldi, 447 F.3d 192, 195 (3d Cir. 2006).

---

[1] Our review is limited to the District Court's denial of the Rule 4(a)(6) motion. To the extent Martinez seeks review of his motion to vacate the judgment filed pursuant to Fed. R. Civ. P. 60(b), which was included in his sur-reply to the defendants' opposition to the

If a moving party does not receive notice of the entry of a judgment within 21 days after entry, a motion to reopen the time to file an appeal must be filed "within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, *whichever is earlier*." Fed. R. App. P. 4(a)(6) (emphasis added). The District Court held a hearing on Martinez's Rule 4(a)(6) motion, and determined that, even if Martinez did not receive notice of the judgment until November 13, 2017, he failed to file his motion to reopen within 14 days of receiving it. The motion to reopen, filed on December 18, 2017, was determined to be "21 days too late."[2] Mem. Op. at 15. The District Court further noted that the notice of appeal, filed on December 6, 2017, could not be construed as a motion to reopen, see Poole v. Family Court of New Castle Cty., 368 F.3d 263, 269 (3d Cir. 2004), and, in any event, it was filed outside the 14-day time limit. The record supports these conclusions.

Martinez argues that the District Court abused its discretion in failing to consider evidence which he believes would have shown that the clerk's office intentionally failed to mail a copy of the judgment and misled him about the filing deadline. As the District Court noted, regardless of whether notice of the judgment order was timely sent, the

---

Rule 4(a)(6) motion, we note that the District Court stated in its March 13 memorandum opinion that it would address the Rule 60(b) motion in a separate order. See Mem. Op. at 9 n.9. It appears that the Rule 60(b) motion is still pending in the District Court.

[2] The District Court properly calculated the 14-day time period to run from November 13, 2017, to November 27, 2017. The District Court also correctly determined that, assuming the motion to reopen could be construed as a motion to extend the time for appeal, it would be untimely filed. See Fed. R. App. P. 4(a)(5).

4

District Court lacked the authority to grant the motion to reopen because Martinez failed to file a notice of appeal within 14 days of when he admittedly received notice of the judgment. Moreover, despite his pro se status, Martinez was responsible for knowing the procedural rules. See Williams v. Wash. Convention Ctr. Auth., 481 F.3d 856, 857 (D.C. Cir. 2007) ("a misreading of the federal rules of appellate procedure by the district court can ensnare even a pro se appellant who follows the district court's instructions diligently if the result is an untimely notice of appeal"); Cordle v. Guarino, 428 F.3d 46, 49 (1st Cir. 2005) (noting that ignorance of filing deadlines does not excuse untimely filing even by pro se prisoners); cf. McNeil v. United States, 508 U.S. 106, 113 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel").

Based on the foregoing, we find no abuse of discretion, and will affirm the District Court's order denying the Rule 4(a)(6) motion.